Opinion issued October 20, 2005









     






In The
Court of Appeals
For The
First District of Texas




NOS. 01-05-00164-CR
           01-05-00165-CR




RAFAEL MARTELL, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from 228th District Court 
Harris County, Texas
Trial Court Cause Nos. 982036 and 982037




MEMORANDUM OPINION

          Following a joint jury trial on two separate indictments, appellant, Rafael
Martell, was convicted of two aggravated sexual assaults of N.A., the complainant,
who was younger than 14 years of age.


 The jury assessed punishment at 60 years’
confinement in each cause. Raising one point of error for both offenses, appellant
contends that the evidence was not factually sufficient to support his convictions. 
          We affirm. 
Background
          In 1988, “Rosa” and her infant daughter, N.A., moved to the United States from
Honduras. Rosa soon met and then married appellant.


 Rosa gave birth to appellant’s
son, C.M., after they married. In 1993, the family moved to a duplex in Houston.
          Rosa worked from the late afternoon into the evening. Appellant was
unemployed and stayed at home to care for N.A. and C.M. In 2000, appellant began
sexual abusing N.A. on a routine basis while Rosa was at work. The first incident
occurred on June 14, 2000. N.A. had taken a bath and was walking from the
bathroom to her bedroom wearing a towel, when appellant confronted her. Appellant
ordered N.A.’s brother, C.M., to take a bath and locked C.M. in the bathroom. After
following her into her room, appellant told N.A. to remove her towel. When she
refused, appellant pulled N.A.’s towel off and pushed her onto the bed. Appellant
then vaginally penetrated N.A. with his penis. N.A. was 11 years old at the time.


 
Before N.A. left her room, appellant warned her that she should not tell Rosa what
had occurred or he would say that she had “provoked” him. Because she believed
appellant’s threat and was scared, N.A. did not tell anyone about the sexual assault. 
After that incident, appellant continued to have vaginal intercourse with N.A. every
time that she would take a bath. 
          In the fall of 2002, N.A.’s uncle, Ramon Andino, came to live with the family. 
N.A. spent a lot of time with her uncle and, at one point, confided in him regarding
the abuse by appellant. Andino did nothing to stop appellant’s abuse. To the
contrary, Andino also began sexually abusing N.A. 
          In December 2002, appellant forced N.A. to perform another sexual act. 
Appellant sent C.M. outside to play and then placed his penis in N.A.’s mouth. 
Appellant moved out of the family home on December 26, 2002. 
          After appellant left, Rosa moved her family several times for financial reasons. 
On March 16, 2004, Rosa was unpacking boxes following another move. While
unpacking, Rosa discovered and read N.A.’s diary, which described the sexual abuse
by Andino. After finding the diary, Rosa asked N.A. whether what was written in the
diary was true. N.A. confirmed that she had been abused by her uncle; she also told
Rosa that she had been “raped” repeatedly by appellant. Rosa immediately called the
police. 
          Houston police officer Alejandro Gonzalez was dispatched to Rosa’s call. 
Officer Martell interviewed both N.A. and Rosa and instructed N.A. to go to
Hermann Hospital, for a rape kit examination, and then to the Children’s Assessment
Center. 
          Appellant was charged in two indictments with aggravated sexual assault,
specifically relating to the incidents in June 2000 and December 2002. N.A. testified
at trial regarding the details of the sexual assaults as stated above. Appellant testified
in his own defense, denying that he had ever sexually assaulted N.A. The jury found
appellant guilty as charged in the two indictments. Sufficiency of the Evidence
          On appeal, appellant raises one point of error, contending that the evidence is
factually insufficient to support his convictions.
A. Standard of Review
          A factual-sufficiency challenge requires that we view the evidence in a neutral
light, and we will set aside the verdict only if the evidence is so weak that the verdict
is clearly wrong and manifestly unjust or the contrary evidence is so strong that the
standard of proof beyond a reasonable doubt could not have been met. Escamilla v.
State, 143 S.W.3d 814, 817 (Tex. Crim. App. 2004) (citing Zuniga v. State, 144
S.W.3d 477, 483 (Tex. Crim. App. 2004)). We must defer to the fact-finder to avoid
substituting our judgment for its judgment. Zuniga, 144 S.W.3d at 481–82. In
conducting a factual-sufficiency review, we must discuss the evidence that, according
to the appellant, most undermines the jury’s verdict. See Sims v. State, 99 S.W.3d
600, 603 (Tex. Crim. App. 2003). 
B. Aggravated Sexual Assault of a Child
          The indictments alleged that appellant committed the offense of aggravated
sexual assault of a child pursuant to Penal Code section 22.021(a)(1)(B)(i)-(ii) and
22.021(a)(2)(B). See Tex. Pen. Code Ann. § 22.021(a)(1)(B)(i)-(ii), 22.021(a)(2)(B)
(Vernon Supp. 2004–2005). The Penal Code provides, in relevant part, that a person
commits aggravated sexual assault of a child if the person intentionally or knowingly
causes the penetration of the anus or sexual organ of a child by any means or causes
the penetration of the mouth of the child by the sexual organ of the actor and requires
that the victim be younger than 14 years of age at the time of the assault. Id.
C. Analysis
          Appellant frames his factual-sufficiency issue as follows: “The complainant’s
testimony that Appellant sexually abused her was unsupported by any physical
evidence and was not credible because of the long lapse of time between the alleged
events and the trial.” 
          We address first appellant’s contention that the evidence was “so weak as to
be clearly wrong and manifestly” unjust because no medical or expert testimony was
presented that N.A. had been sexually assaulted. Because a child victim’s testimony
alone is sufficient evidence to support a conviction of aggravated sexual assault, no
physical evidence of sexual assault was required in this case. See Perez v. State, 113
S.W.3d 819, 838 (Tex. App.—Austin 2003, pet. ref’d); Empty v. State, 972 S.W.2d
194, 196 (Tex. App.—Dallas 1998, pet. ref’d). Rather, the lack of physical or
forensic evidence is a factor for the jury to consider in weighing the evidence. See
Johnson v. State, No. 01–03–00319–CR, 2004 WL 1472064, at *3 (Tex.
App.—Houston [1st Dist.] July 1, 2004, pet. ref’d) (designated for publication)
(holding that differences in witness testimony and lack of physical evidence are
factors for jury to consider in weighing evidence).
          In addition, pursuant to Code of Criminal Procedure article 38.07, N.A.’s
testimony did not need to be corroborated by either medical evidence or a witness to
the act itself to support appellant’s conviction. See Tex. Code Crim. Proc. Ann. art.
38.07(a),(b) (Vernon 2005). Moreover, the State presented testimony that physical
evidence would not be expected in a case such as this. Officer Ben Morrow, a
Houston police officer assigned to the Children’s Assessment Center to investigate
juvenile sex crimes, testified that, when a sexual assault occurs years before it is
reported to the police, it is “very unlikely” that physical evidence of the sexual assault
would be recovered. 
          Appellant next points out that N.A. “made no outcry until four and two years
after the respective offenses.” Again, this is but a factor to be weighed by the jury in
assessing the weight of the evidence and, in particular, N.A.’s credibility. 
Significantly, article 38.07 allows for a lapse between the time that the assault
occurred and the time the victim makes the outcry, provided that, as here, the victim
was under the age of 17 when the sexual assault occurred. See Tex. Code Crim.
Proc. Ann. art. 38.07(b)(1) (Vernon 2005). 
          Appellant also cites testimony by C.M. that he could not remember being
locked in the bathroom at the time of the first sexual assault, as testified by N.A. 
Lastly, appellant points out that N.A. wrote in her diary of the sexual assault by her
uncle, but did not write of appellant’s abuse. Despite appellant’s contentions, such
evidence does not definitively favor the defense in this case. Instead, such facts bear
on the credibility of the witnesses and whose testimony, if any, should be given more
weight. 
          A jury’s decision is not manifestly unjust merely because it resolved conflicting
views of the evidence in favor of the State. Cain v. State, 958 S.W.2d 404, 410 (Tex.
Crim. App. 1997). It was the jury’s role as fact finder to resolve any discrepancies
or inconsistencies in the evidence, to determine the credibility and weight to be given
the evidence, and to draw reasonable inferences from the evidence. See Tex. Code
Crim. Proc. Ann. art. 38.04 (Vernon 1979); Bowden v. State, 628 S.W.2d 782, 784
(Tex. Crim. App. 1982). Concomitantly, the jury may believe or disbelieve all or part
of any witness’s testimony. Jones v. State, 984 S.W.2d 254, 258 (Tex. Crim. App.
1998). 
          In sum, the jury could have correctly determined that (1) the lack of physical
evidence, (2) the lapse in time between the sexual assaults and N.A.’s outcry, (3)
C.M.’s inability to remember being locked in the bathroom, and (4) N.A.’s lack of
mention in her diary of appellant’s assaults, while mentioning her uncle’s abuse, did
not create a reasonable doubt about whether appellant committed aggravated sexual
assault in June 2000 and December 2002. The jury, as trier of fact, chose to believe
N.A.’s testimony that appellant sexually assaulted her as charged in the indictments. 
We must defer to the jury’s judgment of the witnesses’ credibility. Swearingen v.
State, 101 S.W.3d 89, 98 (Tex. Crim. App. 2003) 
          Appellant has not demonstrated that the evidence is so weak that a conviction
is clearly wrong and manifestly unjust or that, based on the contrary evidence, the
beyond-a-reasonable-doubt burden of proof could not have been met. After
reviewing it in a neutral light, we conclude that the evidence is factually sufficient to
support appellant’s convictions for aggravated sexual assault.Conclusion
          We overrule appellant’s sole point of error and affirm the judgments of the trial
court. 




                                                   Laura Carter Higley
                                                   Justice

Panel consists of Justices Nuchia, Jennings, and Higley
Do not publish. Tex. R. App. P. 47.2(b).