**Willie Earl EMPTY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 05–96–00224–CR, 05–96–00225–CR.**

Court of Appeals of Texas,
Dallas.

July 24, 1998.

Jeanine Howard, Dallas, for Appellant.

Karen R. Wise, Assistant District Attorney, Dallas, for State.

Before KINKEADE, WHITTINGTON and JAMES, JJ.

## OPINION

WHITTINGTON, Justice.

Willie Earl Empty appeals two convictions for aggravated sexual assault. After appellant pleaded not guilty to the charged offenses, the jury found him guilty and the court assessed punishment at sixty years' confinement in each case. In four points of error, appellant contends (1) the evidence is legally and factually insufficient to support his convictions, (2) he was denied the effective assistance of counsel at trial, and (3) the trial judge erred in admitting evidence of certain extraneous offenses during trial. We affirm the trial court's judgments.

## BACKGROUND

In March 1995, the grand jury indicted appellant in two separate causes for aggravated sexual assault of a child. Appellant pleaded not guilty to the charges and demanded a jury trial. During trial, the State called five witnesses in its case-in-chief, including the two complainants, J.C. and T.C. J.C. and T.C. testified that appellant lived across the street from their babysitter during the summer of 1992 and, during that time, appellant sexually assaulted them a number of times in the apartment he shared with his mother. The children specifically testified that appellant would take them upstairs to his bedroom, show them pornographic magazines, and make them lie face down on the bed with their pants down. Appellant would then put his penis in their "behinds." At the time, the children were seven and ten years old. After the State rested its case-in-chief, the defense called a single witness, appellant's mother, to testify. Both sides then rested and closed, and the jury found appellant guilty in both cases. Following a hearing on punishment, the trial court assessed punishment in each case. These appeals followed.

## SUFFICIENCY OF THE EVIDENCE

In his first and second points of error, appellant contends the evidence is legally and factually insufficient to support his convictions. Under these points, appellant contends we must reverse his convictions because the testimony provided by the complainants was "conflicting" and "questionable" and, thus, created "more than a reasonable doubt" about appellant's guilt. After reviewing the record in these causes, we cannot agree.

When reviewing a challenge to the legal sufficiency of the evidence, we view the evidence in the light most favorable to the verdict. *Turner v. State*, 805 S.W.2d 423, 427 (Tex.Crim.App.), *cert. denied*, 502 U.S. 870, 112 S.Ct. 202, 116 L.Ed.2d 162 (1991); *Flournoy v. State*, 668 S.W.2d 380, 383 (Tex. Crim.App.1984). We determine whether any rational jury could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307,

319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Chambers v. State,* 866 S.W.2d 9, 15 (Tex. Crim.App.1993), *cert. denied,* 511 U.S. 1100, 114 S.Ct. 1871, 128 L.Ed.2d 491 (1994). This standard leaves to the jury, as factfinder, the responsibility to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic to ultimate facts. *See Dumas v. State,* 812 S.W.2d 611, 615 (Tex.App.—Dallas 1991, pet. ref'd). The jury is the exclusive judge of the witnesses' credibility and the weight to be given their testimony. TEX.CODE CRIM. PROC. ANN. art. 38.04 (Vernon 1979); *Bonham v. State,* 680 S.W.2d 815, 819 (Tex.Crim.App.1984), *cert. denied,* 474 U.S. 865, 106 S.Ct. 184, 88 L.Ed.2d 153 (1985); *Dumas,* 812 S.W.2d at 615. Thus, the jury is free to accept or reject any or all of the evidence presented by either side. *See Saxton v. State,* 804 S.W.2d 910, 914 (Tex.Crim.App.1991).

By contrast, in conducting a factual sufficiency review, we examine the jury's weighing of the evidence. *See Clewis v. State,* 922 S.W.2d 126, 133 (Tex.Crim.App.1996). In so doing, we view all the evidence without the prism of "in the light most favorable to the prosecution." *See Clewis,* 922 S.W.2d at 134; *see also Cain v. State,* 958 S.W.2d 404, 407 (Tex.Crim.App.1997). Nevertheless, we must appropriately defer to the jury's findings so as to avoid substituting our judgment for that of the jury. *See Clewis,* 922 S.W.2d at 133, 135. The purpose of our review is only to prevent a manifestly unjust result, and we are not free to set aside a jury's determination merely because we believe a different result is more reasonable. *See Clewis,* 922 S.W.2d at 135; *see also Cain,* 958 S.W.2d at 407. We will reverse a case for factual insufficiency only if the jury's determination "is against the *great* weight of the evidence presented at trial so as to be *clearly wrong and unjust." See Clewis,* 922 S.W.2d at 135; *see also Cain,* 958 S.W.2d at 407.

A person commits the offense of aggravated sexual assault if he intentionally or knowingly causes the penetration of the anus of a child and the child is younger than fourteen years of age. *See* Act of July 18, 1987, 70th

Leg., 2d C.S., ch. 16, § 1, 1987 Tex. Gen. Laws 80, 80, *amended by* Act of May 29, 1993, 73d Leg., R.S., ch. 900, § 1.01, 1993 Tex. Gen. Laws 3586, 3620, *amended by* Act of May 29, 1995, 74th Leg., R.S., ch. 318, § 7, 1995 Tex. Gen. Laws 2734, 2737, *amended by* Act of May 28, 1997, 75th Leg., R.S., ch. 1286, § 2, 1997 Tex. Gen. Laws 4911, 4911–12 (current version at TEX. PENAL CODE ANN. § 22.021(a) (Vernon Supp.1998)). Here, appellant contends the evidence is legally and factually insufficient because the complainants' testimony was so "full of contradictions and conflicting statements" that "no rational factfinder could have followed the law and found appellant guilty beyond a reasonable doubt." We cannot agree.

During trial, J.C. testified that appellant put his penis in J.C.'s "behind" during the summer of 1992. T.C. provided similar testimony, noting in particular that, during that same summer, appellant put his penis in T.C.'s anus. In addition to this testimony, both boys testified they *saw* appellant put his penis in the other boy's anus. It is undisputed that both boys were under fourteen years of age at the time. We conclude, based on this evidence, that any rational jury could have found beyond a reasonable doubt that appellant was guilty of aggravated sexual assault of J.C. and T.C. *See Ruiz v. State,* 891 S.W.2d 302, 304 (Tex.App.—San Antonio 1994, pet. ref'd) (noting that testimony of child victim is alone sufficient to support conviction for sexual assault); *Karnes v. State,* 873 S.W.2d 92, 96 (Tex.App.—Dallas 1994, no pet.) (noting that testimony of child victim is alone sufficient evidence of penetration to support conviction for aggravated sexual assault).[1] Accordingly, we conclude the evidence is legally sufficient to support appellant's convictions.

We likewise conclude, after reviewing all the evidence presented at trial, that the jury's findings were not so against the great weight of the evidence as to be clearly wrong and manifestly unjust. Although appellant highlights a number of inconsistencies in the complainants' testimony and would have us conclude therefrom that the evidence is fac-

---

1. Contrary to appellant's contentions, the evidence is not legally insufficient merely because there was no medical evidence presented to corroborate the children's claims.

tually insufficient, we decline to do so. The jury was the factfinder in this case and, as such, it was the jury's responsibility to resolve any conflicts in the testimony. *See Dumas*, 812 S.W.2d at 615. In addition, as factfinder, the jury was entitled to conclude that the inconsistencies, if any, in the boys' stories were immaterial and inconsequential. Because (1) all of appellant's complaints center around the credibility of the complainants' testimony, and (2) we may not substitute our judgment for that of the jury on this issue, we conclude the evidence is factually sufficient to support the convictions.

We overrule appellant's first and second points of error.

### ADMISSIBILITY OF EXTRANEOUS OFFENSES

■ In his fourth point of error, appellant contends the trial judge erred in admitting into evidence certain extraneous offenses allegedly committed by appellant against the two complainants. Under this point, appellant argues that admitting the extraneous offenses was improper because article 38.37 of the code of criminal procedure, the provision relied on by the trial judge in admitting the evidence, was inapplicable to these cases. After reviewing the record in these causes, we conclude this point has not been properly preserved for our review.

To preserve a complaint for appellate review, a party must make a timely, specific objection in the trial court. TEX.R.APP. P. 33.1. In addition, the complaint on appeal must comport with the objection at trial. *See Thomas v. State*, 723 S.W.2d 696, 700 (Tex. Crim.App.1986); *McCray v. State*, 861 S.W.2d 405, 410 (Tex.App.—Dallas 1993, no pet.). Here, appellant's objection at trial did not comport with his complaint on appeal.

Prior to trial, the trial judge held a hearing on the admissibility of the extraneous offense evidence. During that hearing, the prosecutor argued the evidence was admissible under article 38.37 to show appellant's state of mind and the relationship between appellant and the complainants. In response, appellant argued only that article 38.37 was inapplicable because the subject evidence did not "in any way" tend to show appellant's state of mind and there "had not been a[ny] previ-

ous sexual contact between [appellant and the complainants]." He did not, as here, argue that article 38.37 was inapplicable because the indictments were filed *before* the effective date of the statute. Because appellant's complaint on appeal differs from his objection at trial, we conclude this point has not been properly preserved for our review. *See Thomas*, 723 S.W.2d at 700; *McCray*, 861 S.W.2d at 410. We overrule appellant's fourth point of error.

### INEFFECTIVE ASSISTANCE OF COUNSEL

In his third point of error, appellant contends he was denied the effective assistance of counsel at trial. Under this point, appellant contends his trial counsel acted deficiently by not raising the proper objection when the trial judge indicated he would admit the extraneous offense evidence under article 38.37. According to appellant, counsel's failure to properly object to the evidence fell below an objective standard of reasonableness and prejudiced his defense. Accordingly, he contends we must reverse his convictions. After reviewing the record in these causes as well as the applicable law, we cannot agree.

The Sixth Amendment to the United States Constitution and article one, section ten of the Texas Constitution guarantee the right to effective assistance of counsel. U.S. CONST. amend. VI; TEX. CONST. art. I, § 10. To show ineffective assistance of counsel at the guilt/innocence stage of trial, a defendant must show (1) his counsel's actions fell below an objective standard of reasonableness; and (2) a reasonable probability exists that, but for counsel's unprofessional errors, a different outcome would have resulted. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex.Crim. App.1986) (adopting *Strickland* analysis for claims brought under Texas Constitution). Under the *Strickland* test, the burden is on the defendant to prove ineffective assistance by a preponderance of the evidence. *See Moore v. State*, 694 S.W.2d 528, 531 (Tex. Crim.App.1985).

In this case, appellant contends his counsel acted deficiently by not properly objecting when the State sought to admit evidence of extraneous offenses under article 38.37. According to appellant, that article was not applicable to either of these causes because it applied only to cases involving indictments filed *after* September 1, 1995. Because the indictments in these cases were filed before September 1, 1995, appellant contends (1) the evidence was not admissible under article 38.37, and (2) trial counsel should have objected to the admission of the extraneous offense evidence on this basis. In addition, appellant contends that, had counsel properly objected, the outcome of these cases would have been different because the trial court would have excluded the evidence and the jury would not have been allowed to consider it at trial. We have reviewed the record in these causes and, after doing so, we conclude we need not consider whether counsel's actions fell below an objective standard of reasonableness because, even assuming they did, appellant cannot show a reasonable probability that, but for counsel's failure to properly object, the outcome of these proceedings would have been different. Appellant cannot make such a showing, we conclude, because the evidence was properly admitted under article 38.37.

Article 38.37 applies to prosecutions for sexual offenses committed against children under seventeen years of age. *See* TEX.CODE CRIM. PROC. ANN. art. 38.37, § 1 (Vernon Supp.1998). The statute states, in pertinent part, that:

> Notwithstanding Rules 404 and 405, Texas Rules of Criminal Evidence, evidence of other crimes, wrongs, or acts committed by the defendant against the child who is the victim of the alleged offense shall be admitted for its bearing on relevant matters, including:
>
> (1) the state of mind of the defendant and the child; and

(2) the previous and subsequent relationship between the defendant and the child.

TEX.CODE CRIM. PROC. ANN. art. 38.37, § 2 (Vernon Supp.1998). Article 38.37 applies to "any criminal proceeding that commences on or after the effective date" of the Act. *See* Act of May 29, 1995, 74th Leg., R.S., ch. 318, § 48(b), 1995 Tex. Gen. Laws 2734, 2749.[2] The effective date of the Act is September 1, 1995. Act of May 29, 1995, 74th Leg., R.S., ch. 318, § 85(a), 1995 Tex. Gen. Laws 2734, 2763.

The issue in this case centers on the meaning of the phrase "any criminal proceeding that commences on or after the effective date" of the Act. On appeal, appellant contends this phrase makes the article applicable only to criminal cases in which *the indictment is filed* on or after the effective date of the Act (*i.e.,* September 1, 1995). By contrast, the State argues the phrase makes the article applicable to all criminal cases whose *trials* commence on or after September 1, 1995. Both sides cite caselaw in support of their respective positions; however, none of those cases are binding on this Court because, to date, this Court and the court of criminal appeals have not considered or resolved the issue before us. We do not, however, write on a blank slate.

Our research reveals five intermediate appellate court decisions that have addressed the issue currently before us. Of those decisions, three are favorable to appellant's position, *see Haney v. State,* No. 02–96–00586–CR, slip op. at 18–19, —— S.W.2d ——, —— (Tex.App.—Fort Worth May 21, 1998, no pet. h.); *Yzaguirre v. State,* 938 S.W.2d 129, 131 (Tex.App.—Amarillo 1996), *rev'd on other grounds,* 957 S.W.2d 38 (Tex.Crim.App.1997); *Snellen v. State,* 923 S.W.2d 238, 241 (Tex. App.—Texarkana 1996, pet. ref'd), and two are favorable to the State's. *See Howland v. State,* 966 S.W.2d 98, 101–03 (Tex.App.—Houston [1st Dist.] 1998, pet. filed); *Massey v. State,* 933 S.W.2d 582, 588 (Tex.App.—

---

2. The legislation states specifically:

Article 38.37, Code of Criminal Procedure, as added by this section, applies to any criminal proceeding that commences on or after the effective date of this Act, regardless of whether the offense that is the subject of the proceeding was committed before, on, or after the effective date of this Act.

Act of May 29, 1995, 74th Leg., R.S., ch. 318, § 48(b), 1995 Tex. Gen. Laws 2734, 2749.

Houston [1st Dist.] 1996, no pet.). We have carefully reviewed each of these decisions and, after doing so, we find the reasoning utilized by the Houston court in *Howland* to be the more persuasive.[3]

In *Howland*, the defendant was charged with two counts of aggravated sexual assault and two counts of indecency with a child. On appeal, the defendant argued that the trial court improperly admitted certain extraneous offense evidence under article 38.37 because (1) that article applied only to criminal prosecutions where the indictment was filed on or after September 1, 1995, and (2) the indictments in his cases were filed *before* that date. The defendant based his argument, in large part, on the language of the enabling legislation which stated that the article applied "to any criminal proceeding that commences on or after the effective date" of the Act. Act of May 29, 1995, 74th Leg., R.S., ch. 318, § 48(b), 1995 Tex. Gen. Laws 2734, 2749. On appeal, the Houston First Court of Appeals rejected the defendant's interpretation of this language, concluding instead that article 38.37 applied to any criminal trials that commenced on or after the statute's effective date. *See Howland*, 966 S.W.2d at 101–03.

In reaching its decision, the court initially noted that the statute itself did not define the term "criminal proceeding." Accordingly, the court concluded the term must be given its "usual meaning in common language." *Howland*, 966 S.W.2d at 101. The court then noted that the terms "proceeding" and "criminal proceeding" were both very broad, "encompassing all possible steps between official accusation and final disposition." *Howland*, 966 S.W.2d at 101. Based on this broad language and the manner of its use in other sections of the statute, the court concluded that the phrase "criminal proceeding" was intended to refer to any single, isolated proceeding encompassed within a criminal prosecution. *See Howland*, 966 S.W.2d at 102.[4]

In addition to interpreting the specific phrase "criminal proceeding," the court also noted that the phrase "criminal proceeding" was immediately preceded in the statute by the term "any." According to the Houston court, the placement of the word "any" immediately prior to the phrase "criminal proceeding" indicated a legislative intent to have the statute apply to more than one proceeding or "step" in a criminal prosecution. *Howland*, 966 S.W.2d at 102. In this regard, the court noted that "[i]f the Legislature had intended for article 38.37 to apply only when the *entire process* started after the effective date [*i.e.*, when the indictment was filed after the effective date], it could have signified so by having the article apply to 'a prosecution' (or, at least, to 'a' proceeding) that commenced before, on, or after the effective date." *Howland*, 966 S.W.2d at 102. The fact that it did not, according to the Houston court, indicated an intent that the statute be applied to each individual step in a criminal prosecution.

Finally, the Houston court noted its reasons for disagreeing with the other Texas appellate court decisions addressing the issue. *See Yzaguirre*, 938 S.W.2d at 131; *Snellen*, 923 S.W.2d at 241. Specifically, the Houston court declined to follow the *Yzaguirre* holding because that court cited no authority for its conclusion. *See Howland*, 966 S.W.2d at 102 (citing *Yzaguirre*, 938 S.W.2d at 131). In addition, the Houston

---

3. Although the Houston court reached a similar conclusion in *Massey*, it did not provide any substantive analysis for its conclusion, and we therefore do not rely on that case in reaching our decision. *See Massey*, 933 S.W.2d at 588.

4. The "other section" of the statute referred to by the *Howland* court was article 38.37, section one, which states that the article applies "to a proceeding in the prosecution of a defendant for an offense under the following provisions of the Penal Code...." According to the Houston court, the phrase "applies to a proceeding in the prosecution of a defendant" indicates the legislature was using the term "proceeding" to be something less than the prosecution as a whole (*i.e.*, any single step in the prosecution). *See Howland*, 966 S.W.2d at 102. Justice Livingston reaches a similar conclusion in her concurring opinion in *Haney*. *See Haney*, slip op. at 3–5, at —— (Livingston, J., concurring). There, she explains that the statute itself (by using the phrase "a proceeding in the prosecution") expressly distinguishes between a "proceeding" and a "prosecution" in a way that implies there can be more than one proceeding in a given case. *See Haney*, slip op. at 5, at —— (Livingston, J., concurring).

court declined to follow the *Snellen* court's holding because, according to the Houston court, that court relied on cases that (1) did not attempt to interpret the term "proceeding," and (2) did not support its conclusion. *See Howland,* 966 S.W.2d at 102 & n. 5 (citing *Snellen,* 923 S.W.2d at 241).[5] Because neither the *Snellen* nor the *Yzaguirre* courts analyzed or addressed the meaning of the phrase "any criminal proceeding" in the context of article 38.37, the Houston court concluded those decisions were neither dispositive nor persuasive.[6]

We have carefully reviewed the Houston court's reasoning in *Howland* and, after doing so, we agree with that court that (1) the meaning of the phrase "any criminal proceeding" is clear and unambiguous, and (2) it means that the article applies to a trial that commences on or after the effective date of the Act. In addition, we find that the cases existing to the contrary are unpersuasive because they either (1) fail to provide any authority for their conclusions, or (2) rely on cases that do not interpret or address the meaning of the term "criminal proceeding" in the context of article 38.37.

Because we conclude, like the Houston court, that article 38.37 applies to a trial commenced on or after the Act's effective date and the trial in these cases commenced after that date, we conclude article 38.37 applies to the instant cases. Thus, we conclude the trial court properly admitted the subject evidence under article 38.37. That being the case, there is no reasonable probability that, but for counsel's failure to properly object, the outcome of these proceedings would have been different. Because appellant cannot satisfy the second prong of the *Strickland* analysis, we conclude his ineffectiveness point lacks merit. Accordingly, we overrule appellant's third point of error.

We affirm the trial court's judgments.

---

5. The *Snellen* court cited *Vasquez v. State,* 557 S.W.2d 779, 782–84 (Tex.Crim.App.1977) (op. on reh'g), *overruled by Proctor v. State,* 967 S.W.2d 840 (Tex.Crim.App.1998), *Barrera v. State,* 163 Tex.Crim. 132, 289 S.W.2d 285, 287–88 (1956), and *Bonner v. State,* 832 S.W.2d 134, 138 (Tex. App.—Amarillo 1992, pet. ref'd) (op. on reh'g) in support of its conclusion. However, the *Barrera* decision dealt with the meaning of the phrase "before any prosecution is commenced" while the *Vasquez* and *Bonner* cases dealt with the meaning of the phrase "during the pendency of the indictment." As noted above, none of these cases dealt with the meaning of the terms "proceeding" or "criminal proceeding."

6. We note that, since the Houston court issued its opinion in *Howland,* the Fort Worth Court of

Appeals has issued an opinion which (1) follows *Snellen* and *Yzaguirre,* and (2) does so after analyzing the meaning of the term "criminal proceeding." *See Haney,* slip op. at 11–19, at ——. However, the court's analysis of the term "criminal proceeding" relies exclusively on an opinion of the court of criminal appeals that only addresses the meaning of the term "criminal proceeding" in the context of article 38.22 of the code of criminal procedure, not article 38.37. *See Tigner v. State,* 928 S.W.2d 540, 544–46 (Tex. Crim.App.1996). Importantly, the term "criminal proceeding" in article 38.22 is preceded by the word "a" and not, as here, by the word "any." *See* TEX.CODE CRIM. PROC. ANN. art. 38.22, § 3(a) (Vernon Supp.1998).