Opinion filed January 25, 2007
















 
 
  
 
 







 
 
  
 
 




Opinion filed January 25, 2007

 

 

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-05-00292-CR 

                                                    __________

 

                               RODNEY ALLEN MERCER, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS,
Appellee

 



 

                                         On
Appeal from the 266th District Court

 

                                                           Erath County, Texas

 

                                                Trial
Court Cause No. CR 12202

 



 

                                                                   O
P I N I O N

Rodney Allen Mercer appeals his conviction by a
jury of the offense of aggravated sexual assault of a child.  The jury assessed appellant=s punishment at confinement for life
and a $10,000 fine.  In a single issue,
appellant challenges the legal and factual sufficiency of the evidence to
support his conviction.  We affirm.

                                                                  The
Indictment








The indictment alleged
that appellant, on or about December 15, 2004, Aintentionally
or knowingly cause[d] the penetration of the sexual organ of [the complainant],
a female child who was then and there younger than 14 years of age and not the
spouse of the [appellant], by [appellant=s]
finger.@  The complainant
was eleven years old at the time of the conduct charged in the indictment.                 Standard
of Review   

In order to determine if the evidence is legally
sufficient, we must review all of the evidence in the light most favorable to
the verdict and determine whether any rational trier of fact could have found
the essential elements of the crime beyond a reasonable doubt.  Jackson v. Virginia,
443 U.S. 307 (1979); Jackson v. State, 17 S.W.3d 664 (Tex. Crim. App.
2000).  To determine if the evidence is
factually sufficient, the appellate court reviews all of the evidence in a
neutral light.  Watson v. State,
204 S.W.3d 404, 414 (Tex. Crim. App. 2006) (overruling in part Zuniga v.
State, 144 S.W.3d 477 (Tex. Crim. App. 2004)); Johnson v. State, 23
S.W.3d 1, 10-11 (Tex. Crim. App. 2000); Cain v. State, 958 S.W.2d 404,
407-08 (Tex. Crim. App. 1997); Clewis v. State, 922 S.W.2d 126, 129
(Tex. Crim. App. 1996).  Then, the
reviewing court determines whether the evidence supporting the verdict is so
weak that the verdict is clearly wrong and manifestly unjust or whether the
verdict is against the great weight and preponderance of the conflicting
evidence.  Watson, 204 S.W.3d at
414-15; Johnson, 23 S.W.3d at 10-11. 
The jury, as the trier of fact, is the sole judge of the credibility of
the witnesses and of the weight to be given to their testimony.  Tex.
Code Crim. Proc. Ann. art. 36.13 (Vernon
1981), art. 38.04 (Vernon
1979).  The jury may accept one version
of the facts and reject another.  Penagraph
v. State, 623 S.W.2d 341, 343 (Tex. Crim. App. 1981).

                                                 The Evidence at
Trial

The record shows that the complainant is the daughter
of Michelle Collins Mercer.  Appellant
began dating Michelle in 2003, and they were married in October 2004.  The complainant lived with appellant and her
mother at the time of the incident alleged in the indictment.  In January 2005, Michelle left appellant for
another man.  At that time, Michelle and the complainant moved out of appellant=s residence.








The complainant was twelve years old at the time
of trial.  She testified that appellant
touched her private parts.  During her
testimony, she identified her sexual organ as her ATT.@ 
The complainant said that appellant put his finger inside her ATT@
many times.  She said that it hurt when
appellant put his finger inside of her. 
The complainant said that she and appellant were in her bedroom when
appellant put his finger inside of her. 
She also said that appellant touched her Aboobs.@ 
The complainant testified that she told Diana Fernandez, her aunt, that
appellant had done something bad to her.

Erath County Deputy Sheriff Jack Carr investigated
the allegations of sexual abuse against appellant.  Deputy Carr testified that he gathered
information and took statements in an attempt to determine whether there was
any truth to the allegations.  He said
that Carrie Paschal of the Tarrant County District Attorney=s Office specialized in cases involving
allegations of sexual abuse to children. 
Deputy Carr made arrangements for Paschal to interview the
complainant.  Deputy Carr said that Paschal
conducted a video interview of the complainant on January 19, 2005.   Deputy Carr referred to the videotape as an
outcry statement from the complainant.

Deputy Carr interviewed appellant on February 24,
2005.  In discussing his family life with
Michelle and the complainant, appellant told Deputy Carr that all three of them
practiced nudity.  Deputy Carr testified
that, during the interview, appellant talked about sexual enlightenment and
sexual training and education of the complainant.

Deputy Carr testified that, based on information
received from Mendy Dawn Beyer, law enforcement personnel obtained a search
warrant to seize a computer and associated equipment that had been used by
appellant.  Beyer testified that she had
worked on the computer with Michelle around the first of 2005.  She said that, at Michelle=s request, she had transferred photos
from a private folder on the computer to a disk.  Beyer said that she saw one of the photos as
she was transferring them.  She said that
the picture depicted Michelle and the complainant naked and holding up their
boobs.  Deputy Carr and the other
officers executed the search warrant on February 25, 2005.  They seized the computer and related
equipment.  After the search, Beyer
informed Deputy Carr that a CD and a film strip had been hidden from the
officers during the search.  On March 7,
2005, Beyer brought the CD and the film strip to Deputy Carr.  The officers sent many of the seized items to
the Federal Bureau of Investigation laboratory in Dallas for evaluation.   The FBI lab retrieved a number of images and
writings from the submitted items.  The
State introduced a number of the images and writings into evidence as exhibits.  The exhibits included pictures of appellant,
Michelle, and the complainant in the
nude.








Deputy Carr testified that appellant was arrested
for aggravated sexual assault of the
complainant, on April 9, 2005. 
David Stone shared a cell with appellant in the Erath County Jail after
appellant=s arrest
for the offense.  Stone testified that
appellant talked with him about the offense. 
Appellant talked about what he had done with the complainant.  Stone said that appellant admitted that he
had taken a shower with the complainant, that he had washed her private area,
that he had washed her with a washrag, and that he had put his finger inside of
her.  Stone also said that appellant
asked whether it would be penetration Aif
he=d only barely put his finger inside of
her.@

Beyer testified that she had known appellant and
Michelle for about ten years.  Beyer said
that, on one of her visits to appellant=s
residence, she walked into the house and saw appellant, Michelle, and the
complainant watching a pornographic movie together.  Appellant told Beyer that they were watching
the movie for the sexual education of the complainant.  Beyer also testified that appellant told her
that he had discussed masturbation with the complainant, that he had discussed
sexual education with the complainant, and that he had discussed the sexual
arousal of a man with the complainant.  

Bessie Mae Nelson, the complainant=s grandmother, testified that, in late
December 2004 or early January 2005, she received a phone call from
appellant.  She said that, during the
phone call, appellant was distressed and screaming and told her that Michelle
and the complainant had left him. Later
that day, appellant came to see Nelson. 
Nelson testified that appellant told her that Michelle  was going to try to get him in trouble.  According to Nelson, appellant told her that
he and Michelle had taken showers with the complainant and that Michelle was
upset with him and had left him because he had gotten erections in the
complainant=s
presence.

Appellant testified that he never penetrated the
complainant in any way.  He said that he
practiced nudism and that clothing was optional in the household.  He said that he, Michelle, and  the complainant had taken showers together
twenty or thirty times.  Appellant
testified that the complainant was
mistaken as to what happened or was Abeing
led@ to make the allegations against
him.  

                                                                        Analysis








Applying the above standards of review, the
evidence was both legally and factually sufficient to support appellant=s conviction for aggravated sexual
assault of a child.  The complainant
testified that appellant had penetrated her sexual organ with his finger many
times.  The testimony of a child victim
alone is sufficient to support a conviction for aggravated sexual assault.  Tex.
Code Crim. Proc. Ann. art. 38.07(a) (Vernon 2005); Tear v. State,  74 S.W.3d 555, 560 (Tex. App.C Dallas 2002, pet. ref=d); Empty v. State, 972 S.W.2d
194, 196 (Tex. App.C Dallas
1998, no pet.); Ruiz v. State, 891 S.W.2d 302, 304 (Tex. App.CSan Antonio 1994, pet. ref=d). 
Additionally, Stone=s
testimony corroborated the testimony of the complainant.  Stone said that appellant admitted putting
his finger inside of the complainant. 
The testimony of the complainant and Stone supports a finding that
appellant penetrated the complainant=s sexual organ with his finger.  Appellant testified that he never penetrated
the complainant in any way.  However, the
jury, as the sole judge of the credibility of the witnesses and the weight to
be given to their testimony, was entitled to accept  the complainant=s
testimony and to reject appellant=s
testimony.  Articles 36.13, 38.04; Penagraph,
623 S.W.2d at 343.  We overrule appellant=s issue.

                                                               This
Court=s Ruling

We affirm the judgment of the trial court.

 

TERRY McCALL

JUSTICE

 

January 25, 2007

Do not publish.  See
Tex. R. App. P. 47.2(b).

Panel
consists of:  Wright, C.J., 

McCall,
J., and Strange, J.