Opinion issued February 21, 2008









     




In The
Court of Appeals
For The
First District of Texas




NO. 01-07-00781-CR




LUIS ARTURO ESPINAL, Appellant

v.

STATE OF TEXAS, Appellee




On Appeal from the 248th District Court 
Harris County, Texas
Trial Court Cause No. 1100207




MEMORANDUM OPINION 

          A jury convicted appellant, Luis Arturo Espinal, of aggravated sexual assault. 
See Tex. Pen. Code Ann. § 22.021 (Vernon Supp. 2007). The trial court assessed
punishment at 35 years in prison. In one issue, appellant contends that the evidence
was factually insufficient to support his conviction.
          We affirm.
Background
          In 2000, when she was seven years old, H.R. and her mother, Geomara, lived
with appellant, who was Geomara’s boyfriend. After Geomara was arrested and
deported to Honduras, H.R. continued to live with appellant. During this time,
appellant slept in the same bed with H.R. It was also during this time that appellant
began to touch H.R.’s “private parts” through her clothes at night. Ultimately,
appellant had sexual intercourse with seven-year-old H.R. by placing his penis in her
vagina. At the time, H.R. told no one of the abuse except her six-year-old friend. 
          When Geomara returned from Honduras, H.R. did not tell her mother about the
abuse. H.R. and Geomara continued to live with appellant for a period. Then, after
appellant and Geomara ended their relationship, H.R. and her mother no longer lived
with appellant.
          Five years passed, and H.R. never told her mother about the abuse by appellant. 
In 2006, H.R. skipped school to spend the day at her boyfriend’s apartment. When
she came home that day, twelve-year-old H.R. had a “hickey” on her neck. Her
mother saw the “hickey” and found out that H.R. had skipped school. 
          When Geomara became angry with H.R. for spending the day with a boy, H.R.
told her mother that was “not the worst thing” that had happened to her. H.R. then
told Geomara that appellant had “touched” her. 
          Initially, Geomara did not believe H.R. Geomara thought that H.R. was lying
to “cover up” skipping school. After three days, however, Geomara approached H.R.
and asked H.R. if she was telling the truth. H.R. said that she was. Geomara then
contacted an attorney, who contacted police. H.R. was taken to the Children’s
Assessment Center, where she was interviewed by a forensic interviewer and
underwent a physical examination by a medical doctor. 
Factual Insufficiency
          In his sole issue, appellant contends, “The evidence is factually insufficient to
support the jury’s verdict of guilty of aggravated sexual assault.”
A.      Standard of Review
          When conducting a factual-sufficiency review, we view all of the evidence in
a neutral light. See Cain v. State, 958 S.W.2d 404, 408 (Tex. Crim. App. 1997). We
will set the verdict aside only if (1) the evidence is so weak that the verdict is clearly
wrong and manifestly unjust or (2) the verdict is against the great weight and
preponderance of the evidence. Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App.
2000). Under the first prong of Johnson, we cannot conclude that a conviction is
“clearly wrong” or “manifestly unjust” simply because, on the quantum of evidence
admitted, we would have voted to acquit had we been on the jury. Watson v. State,
204 S.W.3d 404, 416–17 (Tex. Crim. App. 2006). 
          Under the second prong of Johnson, we cannot declare that a conflict in the
evidence justifies a new trial simply because we disagree with the jury’s resolution
of that conflict. Id. Before finding that evidence is factually insufficient to support
a verdict under the second prong of Johnson, we must be able to say, with some
objective basis in the record, that the great weight and preponderance of the evidence
contradicts the jury’s verdict. Id.
          In conducting a factual-sufficiency review, we must discuss the evidence that,
according to the appellant, most undermines the jury’s verdict. See Sims v. State, 99
S.W.3d 600, 603 (Tex. Crim. App. 2003). 
B.      Analysis
          Pursuant to Penal Code section 22.021, a person commits aggravated sexual
assault if he intentionally or knowingly causes the penetration of the sexual organ or
anus of a child younger than 14 years of age by any means. See Tex. Pen. Code
Ann. § 22.021(a)(1)(B)(i), 2(B) (Vernon Supp. 2007). 
          At trial, H.R. testified that appellant put his penis in her “private part” when
she was seven years old. H.R described in graphic and in specific detail the events
surrounding appellant’s sexual abuse. H.R. testified that the abuse continued from
December 2000 until May 2001. In addition, the forensic interviewer, who
interviewed H.R., testified at trial. She related the details of what H.R. had reported
to her about appellant’s sexual abuse. H.R.’s account given to the forensic
interviewer was consistent with H.R.’s trial testimony. 
          In support of his factual insufficiency challenge, appellant contends that H.R.’s
medical examination at the Children’s Assessment Center in 2006 “did not reveal any
evidence to support a finding of sexual abuse.” Appellant points out that the
examining doctor testified that H.R.’s genital area appeared to be “normal.” 
          Contrary to appellant’s contention, the lack of physical or forensic evidence is
but a factor for the jury to consider in weighing the evidence. See Johnson v. State,
176 S.W.3d 74, 78 (Tex. App.—Houston [1st Dist.] 2004, pet. ref’d) (holding that
differences in witness testimony and lack of physical evidence are factors for jury to
consider in weighing evidence); Sandoval v. State, 52 S.W.3d 851, 854 & n. 1 (Tex.
App.—Houston [1st Dist.] 2001, pet. ref’d) (indicating that child victim’s testimony
alone is sufficient without corroborating medical evidence). As mentioned, H.R.
testified that appellant placed his penis in her “private part,” i.e., her sexual organ. 
In other words, H.R. testified that appellant committed the offense of aggravated
sexual assault. See Tex. Pen. Code Ann. § 22.021(a)(1)(B)(iii), 2(B). It is
well-established that a child victim’s testimony alone is sufficient evidence to support
a conviction for aggravated sexual assault. Tex. Code Crim. Proc. Ann. art.
38.07(Vernon 2005); Perez v. State, 113 S.W.3d 819, 838 (Tex. App.—Austin 2003,
pet. ref’d); Empty v. State, 972 S.W.2d 194, 196 (Tex. App.—Dallas 1998, pet. ref’d). 
          Moreover, we note that the examining doctor testified that H.R. told her in
detail about the sexual abuse by appellant. The doctor also testified that “a normal
exam does not rule out or confirm the occurrence of sexual abuse . . . .” 
          In addition, appellant points to evidence which he contends undermines H.R.’s
credibility. He asserts that H.R. “had a motive to lie to cover up her own misdeeds
of skipping school with a boy and getting a hickey.” Appellant points out that the
evidence shows Geomara did not initially believe H.R., but changed her mind days
later, despite the fact that H.R. never told Geomara the details of the sexual abuse. 
          Appellant also relies on his own trial testimony. Appellant testified that he did
not sexually assault H.R. nor did he ever touch her inappropriately. Appellant also
testified that he and H.R. slept in different beds in different rooms, which he now
contends “showed that [H.R.] was untruthful about [his] sexual abuse of her.” 
          The record shows that the defense had ample opportunity, through cross-examination, to expose any inconsistencies in H.R.’s testimony and to explore its
theory that H.R was lying to cover up “her own misdeeds.” It was the jury’s role as
fact finder to resolve any discrepancies or inconsistencies in the evidence, to
determine the credibility and weight to be given the evidence, and to draw reasonable
inferences from the evidence. See Tex. Code Crim. Proc. Ann. art. 38.04 (Vernon
1979). Concomitantly, the jury was free to believe or disbelieve all or part of any
witness’s testimony, including that of H.R. or of appellant. See Jones v. State, 984
S.W.2d 254, 258 (Tex. Crim. App. 1998). 
          In this case, the jury chose to believe H.R. and to disbelieve appellant. The
jury found H.R. credible, even after considering appellant’s defensive theory and
appellant’s testimony. We must give due deference to the jury’s credibility finding. 
See Johnson v. State, 23 S.W.3d 1, 9 (Tex. Crim. App. 2000). 
          We recognize that one difference between the legal and factual sufficiency
standards is that the former requires the reviewing court to defer to the jury’s
credibility and weight determinations while the latter permits the reviewing court to
substitute its judgment for the jury’s on these questions, “albeit to a very limited
degree.” Marshall v. State, 210 S.W.3d 618, 625 (Tex. Crim. App. 2006) (citing 
Watson, 204 S.W.3d at 415, 417). The Court of Criminal Appeals has reiterated that
“our factual-sufficiency jurisprudence still requires [us] to afford ‘due deference’ to
the jury’s determination. Id. (Tex. Crim. App. 2006) (citing Johnson, 23 S.W.3d at
9). Based on the record before us and the contentions asserted by appellant
challenging the factual sufficiency of the evidence, the jury in this case was in the
best position to evaluate H.R.’s credibility, and we give proper deference to that
determination. See id.
          After reviewing all of the evidence in a neutral light, we cannot conclude that
the evidence is so weak that the verdict is clearly wrong and manifestly unjust or that
the verdict is against the great weight and preponderance of the evidence. See
Johnson, 23 S.W.3d at 11. We hold that the evidence is factually sufficient to support
appellant’s conviction.
          We overrule appellant’s sole issue. 
Conclusion
          We affirm the judgment of the trial court.



 

                                                             Laura Carter Higley
                                                             Justice

Panel consists of Justices Nuchia, Hanks, and Higley.

Do not publish. See Tex. R. App. P. 47.2(b).