Opinion issued October 9, 2008














     


In The
Court of Appeals
For The
First District of Texas




NO. 01-08-00187-CR




PHILLIP LEE BOWEN, Appellant

v.

STATE OF TEXAS, Appellee




On Appeal from the 176th District Court 
Harris County, Texas
Trial Court Cause No. 1107103




MEMORANDUM OPINION 

          A jury convicted appellant, Phillip Lee Bowen, of aggravated sexual assault, 
see Tex. Penal Code Ann. § 22.021 (Vernon Supp. 2008), and assessed his
punishment at seven years in prison and a $5,500 fine. In one issue, appellant
contends that the evidence was factually insufficient to support his conviction.
          We affirm.
Background
          When she was seven years old, K.D. and her grandmother, Cheryl, began living
with appellant, who was Cheryl’s boyfriend. At that time, K.D. had a bed-wetting
problem at night. For that reason, either Cheryl or appellant would wake up during
the night to take K.D. to the bathroom. The first time that K.D. suspected appellant
had touched her inappropriately was one night after appellant had taken her to the
restroom, and she woke up to find that she was not wearing her underwear. Because
she had been asleep, K.D. did not recall whether appellant had touched her
inappropriately on that occasion. 
          The first time that K.D. remembered appellant “touching” her was an instance
that occurred one night while she was asleep. K.D. woke up because she felt
someone touching her. She turned over and saw appellant, who was touching her
“private area” with his hand. Appellant used his finger to touch the inside of K.D.’s
“private part.” K.D. did not tell anyone about the assault because she was afraid. 
Appellant continued to abuse K.D. until she was in the seventh grade. K.D.
ultimately reported the abuse to a teacher, who reported the abuse to the authorities. 

Factual Insufficiency
          In his sole issue, appellant contends, “The evidence is factually insufficient to
support the jury’s verdict of guilty of aggravated sexual assault.”
A.      Standard of Review
          In a factual sufficiency review, we view all of the evidence in a neutral light
and ask whether the jury was rationally justified in finding guilt beyond a reasonable
doubt. Grotti v. State, No. PD-134-07, 2008 WL 2512832, at *4, 7 (Tex. Crim. App.
June 25, 2008); Watson v. State, 204 S.W.3d 404, 415 (Tex. Crim. App. 2006).
Evidence is factually insufficient (1) when the evidence supporting the conviction is
so weak that the verdict seems clearly wrong and manifestly unjust, or (2) when the
evidence supporting the conviction is outweighed by the great weight and
preponderance of the contrary evidence so as to render the verdict clearly wrong and
manifestly unjust. Roberts v. State, 220 S.W.3d 521, 524 (Tex. Crim. App. 2007). 
          We cannot reverse when the greater weight and preponderance of the evidence
actually favors conviction. Roberts, 220 S.W.3d at 524. And we may not substitute
our judgment for that of the jury merely because we would have reached a different
result. Grotti, 2008 WL 2512832, at *4, 7 (citing Watson, 204 S.W.3d at 414).
Instead, the record must show some objective basis for concluding that the great
weight and preponderance of the evidence contradicts the jury’s verdict. See Watson,
204 S.W.3d at 417.
          In conducting a factual-sufficiency review, we must discuss the evidence that,
according to the appellant, most undermines the jury’s verdict. See Sims v. State, 99
S.W.3d 600, 603 (Tex. Crim. App. 2003). 
B.      Analysis
          Pursuant to Penal Code section 22.021, a person commits aggravated sexual
assault if he intentionally or knowingly causes the penetration of the sexual organ or
anus of a child younger than 14 years of age by any means. See Tex. Penal Code
Ann. § 22.021(a)(1)(B)(i), 2(B). 
          At trial, K.D. testified that she first believed that appellant had touched her
“private parts” because she was not wearing her underwear when she woke up one
morning, and she knew that appellant had taken her to the bathroom during the night. 
K.D. stated that she did not remember appellant touching her during that incident
because she was asleep. 
          K.D. also told the jury about the first time that she did remember appellant
touching her “private part.” K.D. testified that, one night while she was sleeping, she
was awakened because she felt someone touching her. She turned over and saw that
it was appellant, who had his hand in her underwear. K.D. testified that appellant put
his finger inside her “private part,” i.e., her sexual organ. The evidence at trial also
showed that K.D. was younger than 14 years old when this occurred. 
          In support of his factual sufficiency challenge, appellant cites his own trial
testimony. Appellant testified that he did not sexually assault K.D., nor did he ever
touch her inappropriately. Appellant stated that he has never been accused of sexual
abuse by anyone other than K.D.
          Appellant also contends that K.D.’s testimony is suspect because K.D. admitted
that she did not recall appellant touching her during the first incident in which she
described waking up without her underwear. Appellant contends that this testimony
undermines K.D.’s other testimony regarding the first time that she actually
remembered appellant touching her private parts. Appellant points out that, in the
second incident, K.D. also testified that she had been asleep when she felt appellant
touching her. Appellant posits that the factual similarity between the two incidences,
i.e., that she was asleep, indicates that K.D. is “unable to distinguish reality from a
possible dream.” 
          We disagree with appellant. K.D. made clear in her testimony that, during the
second incident, she felt someone touching her, she woke up, and she saw that it was
appellant. She testified that she felt appellant place his finger in her private parts. 
Thus, while there are similarities between the two incidences, there is one significant
difference: in the second described incident, K.D. testified that she was awake and
witnessed appellant assaulting her. 
          Moreover, it is well-established that a child victim’s testimony alone is
sufficient evidence to support a conviction for aggravated sexual assault. Tex. Code
Crim. Proc. Ann. art. 38.07 (Vernon 2005); Perez v. State, 113 S.W.3d 819, 837–38
(Tex. App.—Austin 2003, pet. ref’d); Empty v. State, 972 S.W.2d 194, 196 (Tex.
App.—Dallas 1998, pet. ref’d). The record shows that the defense had ample
opportunity, through cross-examination, to expose any inconsistencies or weaknesses
in K.D.’s testimony and to explore its current theory that K.D. had dreamt the sexual
assault. 
          It was the jury’s role as fact finder to resolve any discrepancies or
inconsistencies in the evidence, to determine the credibility and weight to be given
the evidence, and to draw reasonable inferences from the evidence. See Tex. Code
Crim. Proc. Ann. art. 38.04 (Vernon 1979). Concomitantly, the jury was free to
believe or disbelieve all or part of any witness’s testimony, including that of K.D. or
of appellant. See Jones v. State, 984 S.W.2d 254, 258 (Tex. Crim. App. 1998). 
          In this case, the jury chose to believe K.D. and to disbelieve appellant. The
jury found K.D. credible, even after considering the defense’s cross-examination and
appellant’s testimony. We must give due deference to the jury’s credibility finding. 
See Lancon v. State, 253 S.W.3d 699, 705 (Tex. Crim. App. 2008).
          Based on the record before us and the contentions asserted by appellant
challenging the factual sufficiency of the evidence, the jury in this case was in the
best position to evaluate K.D.’s credibility and to weigh the evidence. We give
proper deference to those determinations. See id.
          After reviewing all of the evidence in a neutral light, we cannot conclude that
the evidence supporting the conviction is so weak that the verdict seems clearly
wrong and manifestly unjust, or that the evidence supporting the conviction is
outweighed by the great weight and preponderance of the contrary evidence so as to
render the verdict clearly wrong and manifestly unjust. See Roberts, 220 S.W.3d at
524. We hold that the evidence is factually sufficient to support the judgment of
conviction.
          We overrule appellant’s sole issue. 
 

Conclusion
          We affirm the judgment of the trial court.



 

                                                             Laura Carter Higley
                                                             Justice

Panel consists of Chief Justice Radack and Justices Nuchia and Higley.

Do not publish. See Tex. R. App. P. 47.2(b).