**Opinion filed April 14, 2011**



In The

# Eleventh Court of Appeals

_____

## No. 11-09-00094-CR

_____

## CURTIS RAY DISON, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 372nd District Court**
**Tarrant County, Texas**
**Trial Court Cause No. 1117237R**

## M E M O R A N D U M   O P I N I O N

The jury convicted Curtis Ray Dison of indecency with a child by contact. Appellant pleaded "true" to three enhancement allegations. The trial court found the enhancement allegations to be true and assessed appellant's punishment at confinement for a term of forty-five years. We affirm.

### *Background Facts*

The indictment alleged that, on or about October 11, 2007, appellant intentionally, with the intent to arouse or gratify his sexual desire, engaged in sexual contact by touching the female

sexual organ of M.J.D.,[1] who was a child younger than seventeen years old and not appellant's spouse. M.J.D. was six years old on the date of the alleged offense. The indictment also contained paragraphs alleging that appellant had three prior felony convictions.

*Issues on Appeal*

Appellant presents three issues for review. In his first issue, he contends that the evidence is factually insufficient to support his conviction. In his second issue, he contends that the trial court erred by denying his request for a jury instruction on the lesser included offense of attempted indecency with a child. In his third issue, he contends that the trial court erred by allowing a State's witness to improperly bolster M.J.D.'s credibility.

*Sufficiency of the Evidence*

Appellant challenges only the factual sufficiency of the evidence to support his conviction. Specifically, he contends that the evidence is factually insufficient to show that he touched M.J.D.'s sexual organ. We note at the outset of our analysis that the Texas Court of Criminal Appeals has now held in *Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010), that there is "no meaningful distinction between the *Jackson v. Virginia*[2] legal-sufficiency standard and the *Clewis*[3] factual-sufficiency standard"; that the *Jackson v. Virginia* standard is the "only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt"; and that "[a]ll other cases to the contrary, including *Clewis*, are overruled." *Brooks*, 323 S.W.3d at 895, 902, 912 (footnotes added). Accordingly, a challenge to the factual sufficiency of the evidence is no longer viable. We also note that appellant did not have the benefit of the opinion in *Brooks* when this case was briefed. We will review appellant's factual sufficiency challenge under the legal sufficiency standard set forth in *Jackson v. Virginia*. Under this standard, we must review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307; *Brooks*, 323 S.W.3d at 899.

The record shows that M.D. is M.J.D.'s mother. In 2007, M.D., M.J.D., and M.D.'s three other children lived in a house in Tarrant County. M.D.'s husband, T.D., died in 2003. T.D. was

---

[1]To protect the identity of the child, we use aliases (initials) to refer to the child and her parents.

[2]*Jackson v. Virginia*, 443 U.S. 307 (1979).

[3]*Clewis v. State*, 922 S.W.2d 126 (Tex. Crim. App. 1996).

appellant's brother. In August 2007, appellant moved into M.D.'s house and lived with her and her children. M.D.'s bedroom was upstairs. M.J.D. shared an upstairs bedroom with her younger sister. Appellant slept in the living room at night.

On October 10, 2007, M.J.D. took a bath at about 6:00 p.m. and then went to bed at about 8:00 p.m. M.J.D.'s younger sister was in bed with her. M.D. said that she and appellant were playing cards downstairs when M.J.D. went to bed. At about midnight, M.D. went to bed. When she went to bed, appellant was sitting in a recliner and watching television in the upstairs den. M.D. testified that she woke up at about 3:00 a.m. She went to check on M.J.D. and her sister in their bedroom. M.D. said that the closet door was open in M.J.D.'s room and that the closet light was on. M.D. testified that M.J.D. was "[o]n her stomach, at the foot of the bed, with her panties and pajama bottoms down." M.D. said that appellant was leaning over M.J.D. with his left hand on the bed. She said that "[h]is shorts and his boxers were pulled down and he had his penis in his right hand." M.D. also said that appellant's penis was erect. M.D. started screaming at appellant and hitting him. She asked him, "[W]hy?" Appellant responded, "I'm sorry." M.D. pulled up M.J.D., pulled up her clothes, and made sure that she was okay. M.D. told appellant that he had thirty minutes to get out of the house. M.D. left the house with her children and called 911. M.D. parked her car on the side of a street. Police officers responded to the scene. As M.D. was talking to the police, appellant drove by in his Suburban. M.D. pointed out appellant's vehicle to the officers, and they stopped him.

M.J.D. testified that appellant was her uncle. M.J.D. said that appellant came into her room, uncovered her, and then pulled her down to the bottom of the bed. M.J.D. was lying facedown in the bed. She said that appellant pulled down her shorts and panties and then rubbed her "butt" with his knuckles. M.J.D. testified that appellant did not do anything else to her before her mother came into the room and started screaming. The prosecutor showed M.J.D. some anatomically correct dolls and questioned her about them. The record shows that M.J.D. referred to her sexual organ as her "cake." The prosecutor asked M.J.D. whether appellant touched her "cake." M.J.D responded, "No." She also said that she did not remember him doing anything with his fingers. The prosecutor then asked M.J.D. to use the female doll to show what appellant had done to her. While using the doll, M.J.D. testified that appellant rubbed her "butt" with his knuckles, licked his finger, and then touched her "cake" with his finger.

3

Carrie Paschall, a child forensic interviewer with the Tarrant County District Attorney's Office Crimes Against Children Unit, testified that she interviewed M.J.D. on October 11, 2007. Paschall testified as the outcry witness. M.J.D. told Paschall that appellant pulled her down to the end of the bed, turned her over, pulled her pajama pants and underwear down, "put spit on his two fingers," and then touched her "cake." Paschall said that M.J.D. identified her "cake" as her vaginal area. Paschall also said that M.J.D. used a doll to demonstrate that appellant put one of his fingers inside her vagina.

Donna Wright, a pediatric nurse practitioner at Cook Children's Medical Center in Fort Worth, testified that she performed a sexual assault examination on M.J.D. on October 11, 2007. M.J.D. told Wright that "[appellant] put spit on his two fingers and rubbed it on [her] cake."

Constance Patton, a senior forensic biologist and DNA technical leader for the Tarrant County Medical Examiner's Office Crime Laboratory in Fort Worth, testified that she compared DNA samples that were taken from M.J.D.'s panties with samples that were taken from M.J.D. and appellant. Patton testified that she tested five areas of the panties. She said that she obtained DNA mixture profiles in four of the areas. She said that neither appellant nor M.J.D. could be excluded as possible contributors to the mixtures. Patton explained that "with regards to [test area, 1], it [was] expected that at least 99.999 percent of unrelated individuals in the Caucasian, African-American and Southwestern Hispanic populations would be excluded as possible contributors to this panty mixture." Patton further explained, "What that means is from that remaining .001 percent, both [M.J.D.] and [appellant were] included as a possible contributor." Patton testified that she did not know whether the DNA in the panties came from saliva or skin cells.

Appellant argues that the evidence is insufficient to show that he engaged in sexual contact with M.J.D. To support his argument, appellant relies on what he considers to be "inconsistent and contradictory" testimony by M.J.D. as to whether he touched her "cake." As stated above, M.J.D. initially said that appellant did not touch her "cake" but later said that he touched her "cake" with his finger. Based on M.J.D.'s inconsistent testimony, appellant contends that the evidence is insufficient to support a finding of guilty of indecency by contact.

The jury, as the trier of fact, was the sole judge of the credibility of the witnesses and of the weight to be given their testimony. TEX. CODE CRIM. PROC. ANN. art. 36.13 (Vernon 2007), art. 38.04 (Vernon 1979). As such, the jury was entitled to resolve any conflicts in M.J.D.'s

4

testimony against appellant and to conclude that any inconsistencies in her testimony were inconsequential. *Cain v. State*, 958 S.W.2d 404, 408-09 (Tex. Crim. App. 1997); *Empty v. State*, 972 S.W.2d 194, 196-97 (Tex. App.—Dallas 1998, no pet.). The testimony of a child victim alone is sufficient to support a conviction for indecency with a child. TEX. CODE CRIM. PROC. ANN. art. 38.07 (Vernon 2005). M.J.D. testified that appellant touched her "cake." Paschall's and Wright's testimony corroborated M.J.D.'s testimony. M.J.D. told Paschall that appellant touched her "cake." M.J.D. told Wright that appellant rubbed her "cake." Viewing all the evidence in the light most favorable to the verdict, we conclude that a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. Therefore, the evidence is sufficient to support appellant's conviction. Appellant's first issue is overruled.

*Trial Court's Refusal to Instruct on Lesser Included Offense*

In his second issue, appellant contends that the trial court erred by denying his requested instruction on the lesser included offense of attempted indecency with a child. A defendant is entitled to an instruction on a lesser included offense if a two-pronged test is met. *Flores v. State*, 245 S.W.3d 432, 439 (Tex. Crim. App. 2008). First, the defendant must request an instruction on a lesser included offense of the charged offense under Article 37.09 of the Texas Code of Criminal Procedure. *Id.*; TEX. CODE CRIM. PROC. ANN. art. 37.09 (Vernon 2006). Second, there must be some evidence in the record that would permit a jury rationally to find that, if the defendant is guilty, he is guilty only of the lesser included offense. *Flores*, 245 S.W.3d at 439; *Guzman v. State*, 188 S.W.3d 185, 188 (Tex. Crim. App. 2006); *Hayward v. State*, 158 S.W.3d 476, 478 (Tex. Crim. App. 2005). In evaluating the second prong of the test, we review the entire record. *Moore v. State*, 969 S.W.2d 4, 8 (Tex. Crim. App. 1998). For a defendant to satisfy the second prong, the evidence must establish the lesser included offense as a valid, rational alternative to the charged offense. *Wesbrook v. State*, 29 S.W.3d 103, 113-14 (Tex. Crim. App. 2000). We review the trial court's decision regarding a lesser included offense charge under an abuse of discretion standard. *Threadgill v. State*, 146 S.W.3d 654, 666 (Tex. Crim. App. 2004); *Dobbins v. State*, 228 S.W.3d 761, 768 (Tex. App.—Houston [14th Dist.] 2007, pet. dism'd).

A person commits the offense of indecency with a child if he engages in sexual contact with a child who is younger than seventeen years old and who is not the person's spouse. TEX. PENAL CODE ANN. § 21.11(a)(1) (Vernon Supp. 2010). "Sexual contact" includes the act of "any

5

touching . . . of . . . any part of the genitals of a child" if "committed with the intent to arouse or gratify the sexual desire of any person." *Id.* § 21.11(c)(1). Attempted indecency with a child is a lesser included offense of indecency with a child. Article 37.09(4) ("An offense is a lesser included offense if: it consists of an attempt to commit the offense charged or an otherwise included offense."). Therefore, in this case, the first prong of the test is met.

With regard to the second prong of the test, we must consider whether there is some evidence in the record that would permit a jury rationally to find that, if appellant is guilty, he is guilty only of the lesser included offense of attempted indecency with a child. The indictment alleged that appellant engaged in sexual contact by touching M.J.D.'s sexual organ. Under the criminal attempt statute, "[a] person commits an offense if, with specific intent to commit an offense, he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended." TEX PENAL CODE ANN. § 15.01(a) (Vernon 2003).

Appellant argues that M.J.D.'s initial testimony that he did not touch her "cake" was evidence that no sexual contact occurred and, therefore, supported an instruction on the lesser included offense of attempted indecency with a child. When determining whether the evidence supports a jury instruction on a lesser included offense, a "statement cannot be plucked out of the record and examined in a vacuum." *Godsey v. State*, 719 S.W.2d 578, 584 (Tex. Crim. App. 1986); *Arnold v. State*, 234 S.W.3d 664, 671-72 (Tex. App.—Houston [14th Dist.] 2007, no pet.). We have summarized the evidence above. Having considered all the evidence, we conclude that there is no evidence that would permit a jury rationally to find that appellant attempted to touch M.J.D.'s sexual organ but failed to complete the act of touching it. In this case, the evidence does not establish the lesser included offense as a valid, rational alternative to the charged offense. Appellant has not met the second prong of the test. The trial court did not abuse its discretion by denying his requested instruction on the lesser included offense of attempted indecency with a child. His second issue is overruled.

*Admission of Expert Testimony*

In his third issue, appellant contends that the trial court committed reversible error by allowing the State's expert witness, Paschall, to improperly bolster M.J.D.'s credibility by allowing Paschall to explain why a witness might give inconsistent testimony. Over appellant's objections, the trial court allowed Paschall to explain the concept of a rolling disclosure to the jury. Paschall testified that "[r]olling disclosure is used to describe how some kids disclose what

happened to them." She said that children often "start off by telling a very little piece of what happened so that they can kind of feel out the surroundings, how people are going to react, are they being believed, are they in trouble, [or] did they do something wrong." Paschall said that, "as they gain reassurance and support and feel safe and comfortable, they start to disclose more of the details of what happened to them." Paschall characterized this process as a rolling disclosure pattern.

Appellant contends that Paschall's "rolling disclosure" testimony was analogous to offering expert opinion testimony that M.J.D. was truthful in her testimony and that, therefore, Paschall's testimony improperly bolstered M.J.D.'s credibility. Appellant also contends that Paschall's "rolling disclosure" testimony was irrelevant and that, even if it was relevant, its probative value was substantially outweighed by the danger of unfair prejudice.

A trial court's decision to admit or exclude evidence is reviewed for an abuse of discretion. *Billodeau v. State*, 277 S.W.3d 34, 39 (Tex. Crim. App. 2009). Expert testimony that a particular witness is truthful is inadmissible under TEX. R. EVID. 702. *Pavlacka v. State*, 892 S.W.2d 897, 902 n.6 (Tex. Crim. App. 1994); *Yount v. State*, 872 S.W.2d 706, 711 (Tex. Crim. App. 1993); *Chavez v. State*, 324 S.W.3d 785, 788 (Tex. App.—Eastland 2010, no pet.). Therefore, an expert witness may not offer a direct opinion on the truthfulness of a child complainant's allegations. *Schutz v. State*, 957 S.W.2d 52, 59 (Tex. Crim. App. 1997); *Yount*, 872 S.W.2d at 708; *Chavez*, 324 S.W.3d at 788. Nor may an expert offer an opinion that the class of persons to which the complainant belongs, such as child sexual abuse victims, is truthful or worthy of belief. *Pavlacka*, 892 S.W.2d at 902 n.6; *Yount*, 872 S.W.2d at 712; *Chavez*, 324 S.W.3d at 788-89. However, testimony from an expert witness about behaviors commonly exhibited by children suffering sexual abuse can be relevant and admissible under Rule 702. *Yount*, 872 S.W.2d at 708-09; *Cohn v. State*, 849 S.W.2d 817, 819 (Tex. Crim. App. 1993); *Chavez*, 324 S.W.3d at 789. Such testimony is not objectionable on the ground that it bolsters the credibility of the child complainant. *Cohn*, 849 S.W.2d at 820-21; *Chavez*, 324 S.W.3d at 789.

Paschall did not offer a direct opinion that M.J.D. was truthful or that she belonged to a class of persons that was truthful or worthy of belief. Instead, Paschall testified about behavioral characteristics of child sexual abuse victims. We note that appellant does not challenge Paschall's qualifications as an expert to give such testimony or the reliability of the testimony.

7

Paschall's testimony was relevant to assessing M.J.D.'s behavior and testimony and to determining the ultimate issue of whether appellant was guilty of the offense of indecency with a child.

Relevant evidence may be excluded under Rule 403 of the Rules of Evidence if "its probative value is substantially outweighed by the danger of unfair prejudice." Tex. R. Evid. 403. Rule 403 favors admission of relevant evidence and carries a presumption that relevant evidence will be more probative than prejudicial. *Hayes v. State*, 85 S.W.3d 809, 815 (Tex. Crim. App. 2002). Evidence is unfairly prejudicial when it has an undue tendency to suggest an improper basis for reaching a decision. *Reese v. State*, 33 S.W.3d 238, 240 (Tex. Crim. App. 2000). In evaluating a trial court's determination under Rule 403, a reviewing court is to reverse the trial court's judgment "rarely and only after a clear abuse of discretion." *Mozon v. State*, 991 S.W.2d 841, 847 (Tex. Crim. App. 1999). Paschall testified about behavioral characteristics of child sexual abuse victims. She explained the concept of a rolling disclosure pattern. Her testimony was not unfairly prejudicial; it did not suggest an improper basis for reaching a decision. The trial court did not abuse its discretion by admitting her testimony. Appellant's third issue is overruled.

*This Court's Ruling*

The judgment of the trial court is affirmed.

TERRY McCALL
JUSTICE

April 14, 2011

Do not publish. *See* Tex. R. App. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.