**Opinion filed September 2, 2010**



In The

# Eleventh Court of Appeals

_____

## No. 11-09-00178-CR

_____

### ISBAAL VELASQUEZ CHAVEZ, Appellant

### V.

### STATE OF TEXAS, Appellee

**On Appeal from the 238th District Court**

**Midland County, Texas**

**Trial Court Cause No. CR33987**

### O P I N I O N

In a three-count indictment, Isbaal Velasquez Chavez was charged with one count of aggravated sexual assault (Count I) and two counts of indecency with a child (Counts II and III). The jury acquitted appellant on the aggravated sexual assault count and convicted him on the indecency with a child counts. The jury assessed punishment at fourteen years confinement and a fine of $7,000 on Count II and at fifteen years confinement and a fine of $9,000 on Count III. The trial court ordered that the sentences run concurrently. We affirm.

*Background*

Count I of the indictment alleged that, on or about May 1, 2004, appellant intentionally and knowingly penetrated the female sexual organ of L.C., a child younger than fourteen years

old, with his finger. Count II alleged that, on or about May 1, 2004, appellant engaged in sexual contact with L.C. by touching a part of her genitals with the intent to arouse and gratify his sexual desire. Count III alleged that, on or about January 1, 2004, appellant engaged in sexual contact with L.C. by touching a part of her body with a part of his genitals with the intent to arouse and gratify his sexual desire. L.C. is appellant's daughter. At the time of trial, L.C. was twelve years old. The jury acquitted appellant of the aggravated sexual assault charge in Count I and convicted him of the indecency with a child charges in Counts II and III.

*Issues on Appeal*

Appellant presents two issues for review. In his first issue, he challenges the legal and factual sufficiency of the evidence to support his convictions for indecency with a child. In his second issue, he contends that the trial court erred in failing to grant a mistrial after the State's expert witness, Andra K. Chamberlain, testified that there is about an eighty percent chance that a child will recant a sexual abuse outcry if the child has an unsupportive mother.

*Sufficiency of the Evidence Standards of Review*

To determine if the evidence is legally sufficient, the appellate court reviews all of the evidence in the light most favorable to the verdict and determines whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Laster v. State*, 275 S.W.3d 512, 517-18 (Tex. Crim. App. 2009); *Jackson v. State*, 17 S.W.3d 664, 667 (Tex. Crim. App. 2000). To determine if the evidence is factually sufficient, the appellate court reviews all of the evidence in a neutral light. *Laster*, 275 S.W.3d at 519; *Watson v. State*, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006); *Johnson v. State*, 23 S.W.3d 1, 10-11 (Tex. Crim. App. 2000); *Cain v. State*, 958 S.W.2d 404, 407-08 (Tex. Crim. App. 1997); *Clewis v. State*, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). Then, the reviewing court determines whether the evidence supporting the verdict is so weak that the verdict is clearly wrong and manifestly unjust or whether the verdict is against the great weight and preponderance of the conflicting evidence. *Watson*, 204 S.W.3d at 414-15; *Johnson*, 23 S.W.3d at 10-11. The jury, as the finder of fact, is the sole judge of the weight and credibility of the witnesses' testimony. TEX. CODE CRIM. PROC. ANN. art. 36.13 (Vernon 2007), art. 38.04 (Vernon 1979).

*The Evidence at Trial*

Maria Chavez, L.C.'s mother, was married to appellant. The record shows that, in December 2006, Maria reported to the Midland Police Department that appellant had sexually abused L.C. Maria told Midland Police Officer Scott Howard and Midland Police Detective Nancy Hollingsworth

that L.C. told her that appellant had sexually abused her. On December 23, 2006, Andra K. Chamberlain, the Program Director for the Children's Advocacy Center in Midland, conducted a forensic interview of L.C.

Chamberlain testified as the outcry witness at trial. Chamberlain said that L.C. told her that appellant abused her when she was eight years old. L.C. told Chamberlain that appellant came into her bedroom before he left for work, pulled down her pajamas and panties, and touched her private area with his hands. During the forensic interview, L.C. circled the genitalia area on an anatomical drawing of a girl to further identify the area that appellant touched. L.C. used dolls to demonstrate that she was lying down and that, after appellant touched her vaginal area, he got on top of her. L.C. said that appellant touched her private area with his hands on five or six occasions. L.C. said that she did not tell anyone about the abuse because she was afraid.

Also on December 23, 2006, Detective Hollingsworth interviewed appellant. Detective Hollingsworth recorded the interview. The State introduced a copy of the recording into evidence, and it was played for the jury. During the interview, appellant admitted that he touched L.C.'s vagina with his hands. He said that he got on top of her. Appellant also admitted that he touched L.C. with his penis. He said that he did not put his penis "inside her" but that he put it "on top" of her vagina. Appellant also said that Maria had known of his abuse of L.C. for about eight months.

Maria testified that L.C. never told her that appellant sexually abused her. Maria said that she and L.C. made up the story to "get back at" appellant because "he was seeing somebody." Maria testified that she told appellant to confess to L.C.'s accusations and that, if he did not confess, CPS was going to take L.C. and their other children away.

On January 11, 2007, Maria told Detective Hollingsworth that she made up the sexual abuse allegations. On March 6, 2007, Maria signed an affidavit of non-prosecution. In the affidavit, she stated that appellant "did not commit the crime." She also stated, "I know this for a fact, because I twisted the situation so that my daughter could do the accusations." In February 2008, Maria was charged with a misdemeanor perjury offense in connection with making the affidavit of non-prosecution.

In October 2008, Maria testified in an earlier trial of this cause that L.C. told her that appellant abused her and that appellant admitted to her that he sexually abused L.C. In her present testimony in this cause, Maria said that she lied under oath when she gave her October 2008 testimony. She said that she gave her earlier testimony to cooperate with the district attorney's office. Maria said that the prosecutor told her that, if she cooperated, the misdemeanor charge against her would be dropped, L.C. would not have to testify at trial, and appellant could get

3

probation. Maria testified that the prosecutor told her to cooperate and that she understood him to be telling her to lie in court. On February 27, 2009, the misdemeanor cause against Maria was dismissed upon the State's motion.

Maria also testified that appellant made about $70,000 a year at his job. She said that, after giving her October 2008 testimony, she learned that appellant could be deported if he was convicted in this cause.

L.C. testified that she and Maria made up the story that appellant touched her because they were mad at him for cheating on Maria. Chamberlain testified that child sexual abuse victims go through a disclosure process. She said that, if a child who has made an outcry of sexual abuse has an unsupportive mother, there is about an eighty percent chance that the child will recant the outcry.

*Analysis*

Appellant contends that the evidence was legally and factually insufficient to support his convictions in light of Maria's and L.C.'s recantations during their trial testimony. A child victim's outcry statement alone can be sufficient to sustain a conviction for a sexual offense. *Rodriguez v. State*, 819 S.W.2d 871, 873 (Tex. Crim. App. 1991); *Saldaña v. State*, 287 S.W.3d 43, 60 (Tex. App.—Corpus Christi 2008, pet ref'd); *Kimberlin v. State*, 877 S.W.2d 828, 831 (Tex. App.—Fort Worth 1994, pet. ref'd). Chamberlain's outcry testimony and the statements made by appellant in his recorded interview constituted sufficient evidence to support appellant's convictions. While Maria and L.C. recanted their prior statements during their testimony, it was up to the factfinder to determine whether to believe the prior statements or the recantations. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991); *Saldaña*, 287 S.W.3d at 60. As such, the jury was free to disbelieve Maria's and L.C.'s recantations. *Chambers*, 805 S.W.2d at 461; *Saldaña*, 287 S.W.3d at 60. After reviewing all of the evidence, we find that it was legally and factually sufficient to support appellant's convictions. Appellant's first issue is overruled.

*Trial Court's Denial of Motion for Mistrial*

The prosecutor asked Chamberlain how often children recant their accusations. In response, Chamberlain testified that there is about an eighty percent chance of recantation if the child has an unsupportive mother. Appellant's counsel objected to this testimony on the ground that it constituted "an opinion on whether that child was telling the truth or not." Appellant's counsel also moved for a mistrial. The trial court overruled the objection and denied the motion for mistrial.

We review the denial of a motion for mistrial under an abuse of discretion standard. *Archie v. State*, 221 S.W.3d 695, 699 (Tex. Crim. App. 2007); *Hawkins v. State*, 135 S.W.3d 72, 76-77 (Tex. Crim. App. 2004). Expert testimony that a particular witness is truthful is inadmissible

4

under TEX. R. EVID. 702.  *Pavlacka v. State*, 892 S.W.2d 897, 902 n.6 (Tex. Crim. App. 1994); *Yount v. State*, 872 S.W.2d 706, 711 (Tex. Crim. App. 1993); *Vasquez v. State*, 975 S.W.2d 415, 417 (Tex. App.—Austin 1998, pet. ref'd).  Thus, an expert witness may not offer a direct opinion on the truthfulness of a child complainant's allegations.  *Schutz v. State*, 957 S.W.2d 52, 59 (Tex. Crim. App. 1997); *Yount*, 872 S.W.2d at 708.  Nor may an expert offer an opinion that the class of persons to which the complainant belongs, such as child sexual abuse victims, is truthful or worthy of belief.  *Pavlacka*, 892 S.W.2d at 902 n.6; *Yount*, 872 S.W.2d at 712; *Vasquez*, 975 S.W.2d at 417.  However, expert testimony that a child exhibits behavioral characteristics that have been empirically shown to be common among children who have been sexually abused is relevant and admissible under Rule 702.  *Yount*, 872 S.W.2d at 708-09; *Cohn v. State*, 849 S.W.2d 817, 819 (Tex. Crim. App. 1993); *Gonzales v. State*, 4 S.W.3d 406, 417 (Tex. App.—Waco 1999, no pet.); *Vasquez*, 975 S.W.2d at 417.  Such testimony is not objectionable on the ground that it bolsters the credibility of the child complainant.  *Cohn*, 849 S.W.2d at 820-21.

Chamberlain did not offer a direct opinion that L.C. was truthful in her initial outcry of sexual abuse or that L.C. belonged to a class of persons that was truthful or worthy of belief.  Nor did Chamberlain offer testimony that L.C. was not truthful in her trial testimony.  Instead, Chamberlain testified about the behavioral characteristics of children whose mothers do not support their outcries of sexual abuse.  Maria did not support L.C.'s outcry of sexual abuse.  Chamberlain said that, in such cases, there is about an eighty percent chance that a child complainant will recant.  Chamberlain's testimony was admissible to assist the jury in assessing L.C.'s testimony.  The trial court did not abuse its discretion in denying appellant's motion for mistrial.  We overrule appellant's second issue.

*This Court's Ruling*

The judgment of the trial court is affirmed.


TERRY McCALL
JUSTICE


September 2, 2010

Publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of:  Wright, C.J.,
McCall, J., and Strange, J.

5