Opinion filed April 14,
2011

 

 

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-09-00094-CR 

                                                    __________

 

                                   CURTIS
RAY DISON, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                  On
Appeal from the 372nd District Court

                                                          Tarrant
County, Texas

                                                  Trial
Court Cause No. 1117237R 

 



 

                                            M
E M O R A N D U M   O P I N I O N

            The
jury convicted Curtis Ray Dison of indecency with a child by contact.  Appellant
pleaded “true” to three enhancement allegations.  The trial court found the
enhancement allegations to be true and assessed appellant’s punishment at
confinement for a term of forty-five years.  We affirm.

Background
Facts

            The
indictment alleged that, on or about October 11, 2007, appellant intentionally,
with the intent to arouse or gratify his sexual desire, engaged in sexual
contact by touching the female sexual organ of M.J.D.,[1]
who was a child younger than seventeen years old and not appellant’s spouse.  M.J.D.
was six years old on the date of the alleged offense.  The indictment also
contained paragraphs alleging that appellant had three prior felony
convictions.

Issues
on Appeal

            Appellant
presents three issues for review.  In his first issue, he contends that the
evidence is factually insufficient to support his conviction.  In his second issue,
he contends that the trial court erred by denying his request for a jury
instruction on the lesser included offense of attempted indecency with a child. 
In his third issue, he contends that the trial court erred by allowing a
State’s witness to improperly bolster M.J.D.’s credibility.

Sufficiency
of the Evidence

            Appellant
challenges only the factual sufficiency of the evidence to support his
conviction.  Specifically, he contends that the evidence is factually
insufficient to show that he touched M.J.D.’s sexual organ.  We note at the
outset of our analysis that the Texas Court of Criminal Appeals has now held in
Brooks v. State, 323 S.W.3d 893 (Tex. Crim. App. 2010), that there is
“no meaningful distinction between the Jackson v. Virginia[2]
legal-sufficiency standard and the Clewis[3]
factual-sufficiency standard”; that the Jackson v. Virginia standard is
the “only standard that a reviewing court should apply in determining whether
the evidence is sufficient to support each element of a criminal offense that
the State is required to prove beyond a reasonable doubt”; and that “[a]ll
other cases to the contrary, including Clewis, are overruled.”  Brooks,
323 S.W.3d at 895, 902, 912 (footnotes added).  Accordingly, a challenge to the
factual sufficiency of the evidence is no longer viable.  We also note that
appellant did not have the benefit of the opinion in Brooks when this
case was briefed.  We will review appellant’s factual sufficiency challenge
under the legal sufficiency standard set forth in Jackson v. Virginia. 
Under this standard, we must review all of the evidence in the light most
favorable to the verdict and determine whether any rational trier of fact could
have found the essential elements of the crime beyond a reasonable doubt.  Jackson
v. Virginia, 443 U.S. 307; Brooks, 323 S.W.3d at 899.

            The
record shows that M.D. is M.J.D.’s mother.  In 2007, M.D., M.J.D., and M.D.’s
three other children lived in a house in Tarrant County.  M.D.’s husband, T.D.,
died in 2003.  T.D. was appellant’s brother.  In August 2007, appellant moved
into M.D.’s house and lived with her and her children.  M.D.’s bedroom was
upstairs.  M.J.D. shared an upstairs bedroom with her younger sister.  Appellant
slept in the living room at night.

            On
October 10, 2007, M.J.D. took a bath at about 6:00 p.m. and then went to bed at
about 8:00 p.m.  M.J.D.’s younger sister was in bed with her.  M.D. said that
she and appellant were playing cards downstairs when M.J.D. went to bed.  At about
midnight, M.D. went to bed.  When she went to bed, appellant was sitting in a
recliner and watching television in the upstairs den.  M.D. testified that she
woke up at about 3:00 a.m.  She went to check on M.J.D. and her sister in their
bedroom.  M.D. said that the closet door was open in M.J.D.’s room and that the
closet light was on.  M.D. testified that M.J.D. was “[o]n her stomach, at the
foot of the bed, with her panties and pajama bottoms down.”  M.D. said that
appellant was leaning over M.J.D. with his left hand on the bed.  She said that
“[h]is shorts and his boxers were pulled down and he had his penis in his right
hand.”  M.D. also said that appellant’s penis was erect.  M.D. started
screaming at appellant and hitting him.  She asked him, “[W]hy?”  Appellant
responded, “I’m sorry.”  M.D. pulled up M.J.D., pulled up her clothes, and made
sure that she was okay.  M.D. told appellant that he had thirty minutes to get
out of the house.  M.D. left the house with her children and called 911.  M.D. parked
her car on the side of a street.  Police officers responded to the scene.  As
M.D. was talking to the police, appellant drove by in his Suburban.  M.D.
pointed out appellant’s vehicle to the officers, and they stopped him. 

            M.J.D.
testified that appellant was her uncle.  M.J.D. said that appellant came into
her room, uncovered her, and then pulled her down to the bottom of the bed.  M.J.D.
was lying facedown in the bed.  She said that appellant pulled down her shorts
and panties and then rubbed her “butt” with his knuckles.  M.J.D. testified
that appellant did not do anything else to her before her mother came into the
room and started screaming.  The prosecutor showed M.J.D. some anatomically
correct dolls and questioned her about them.  The record shows that M.J.D.
referred to her sexual organ as her “cake.”  The prosecutor asked M.J.D.
whether appellant touched her “cake.”  M.J.D responded, “No.”  She also said
that she did not remember him doing anything with his fingers.  The prosecutor
then asked M.J.D. to use the female doll to show what appellant had done to
her.  While using the doll, M.J.D. testified that appellant rubbed her “butt”
with his knuckles, licked his finger, and then touched her “cake” with his
finger.

            Carrie
Paschall, a child forensic interviewer with the Tarrant County District
Attorney’s Office Crimes Against Children Unit, testified that she interviewed
M.J.D. on October 11, 2007. Paschall testified as the outcry witness.  M.J.D.
told Paschall that appellant pulled her down to the end of the bed, turned her
over, pulled her pajama pants and underwear down, “put spit on his two fingers,”
and then touched her “cake.”  Paschall said that M.J.D. identified her “cake”
as her vaginal area.  Paschall also said that M.J.D. used a doll to demonstrate
that appellant put one of his fingers inside her vagina.

            Donna
Wright, a pediatric nurse practitioner at Cook Children’s Medical Center in
Fort Worth, testified that she performed a sexual assault examination on M.J.D.
on October 11, 2007.  M.J.D. told Wright that “[appellant] put spit on his two
fingers and rubbed it on [her] cake.”

            Constance
Patton, a senior forensic biologist and DNA technical leader for the Tarrant County
Medical Examiner’s Office Crime Laboratory in Fort Worth, testified that she
compared DNA samples that were taken from M.J.D.’s panties with samples that
were taken from M.J.D. and appellant.  Patton testified that she tested five
areas of the panties.  She said that she obtained DNA mixture profiles in four
of the areas.  She said that neither appellant nor M.J.D. could be excluded as
possible contributors to the mixtures.  Patton explained that “with regards to
[test area, 1], it [was] expected that at least 99.999 percent of unrelated
individuals in the Caucasian, African-American and Southwestern Hispanic
populations would be excluded as possible contributors to this panty mixture.” 
Patton further explained, “What that means is from that remaining .001 percent,
both [M.J.D.] and [appellant were] included as a possible contributor.”  Patton
testified that she did not know whether the DNA in the panties came from saliva
or skin cells.

            Appellant
argues that the evidence is insufficient to show that he engaged in sexual
contact with M.J.D.  To support his argument, appellant relies on what he
considers to be “inconsistent and contradictory” testimony by M.J.D. as to
whether he touched her “cake.”  As stated above, M.J.D. initially said that
appellant did not touch her “cake” but later said that he touched her “cake”
with his finger.  Based on M.J.D.’s inconsistent testimony, appellant contends
that the evidence is insufficient to support a finding of guilty of indecency
by contact.

            The
jury, as the trier of fact, was the sole judge of the credibility of the
witnesses and of the weight to be given their testimony.  Tex. Code Crim. Proc. Ann. art. 36.13
(Vernon 2007), art. 38.04 (Vernon 1979).  As such, the jury was entitled to
resolve any conflicts in M.J.D.’s testimony against appellant and to conclude
that any inconsistencies in her testimony were inconsequential.  Cain v.
State, 958 S.W.2d 404, 408-09 (Tex. Crim. App. 1997); Empty v. State,
972 S.W.2d 194, 196-97 (Tex. App.—Dallas 1998, no pet.).  The testimony of a
child victim alone is sufficient to support a conviction for indecency with a
child.  Tex. Code Crim. Proc. Ann.
art. 38.07 (Vernon 2005).  M.J.D. testified that appellant touched her “cake.” 
Paschall’s and Wright’s testimony corroborated M.J.D.’s testimony.  M.J.D. told
Paschall that appellant touched her “cake.”  M.J.D. told Wright that appellant rubbed
her “cake.”  Viewing all the evidence in the light most favorable to the
verdict, we conclude that a rational trier of fact could have found the
essential elements of the offense beyond a reasonable doubt.  Therefore, the
evidence is sufficient to support appellant’s conviction.  Appellant’s first issue
is overruled.

Trial
Court’s Refusal to Instruct on Lesser Included Offense

            In
his second issue, appellant contends that the trial court erred by denying his
requested instruction on the lesser included offense of attempted indecency
with a child.  A defendant is entitled to an instruction on a lesser included
offense if a two-pronged test is met.  Flores v. State, 245 S.W.3d 432,
439 (Tex. Crim. App. 2008).  First, the defendant must request an instruction
on a lesser included offense of the charged offense under Article 37.09 of the
Texas Code of Criminal Procedure. Id.; Tex.
Code Crim. Proc. Ann. art. 37.09 (Vernon 2006).  Second, there must be some
evidence in the record that would permit a jury rationally to find that, if the
defendant is guilty, he is guilty only of the lesser included offense.  Flores,
245 S.W.3d at 439; Guzman v. State, 188 S.W.3d 185, 188 (Tex. Crim. App.
2006); Hayward v. State, 158 S.W.3d 476, 478 (Tex. Crim. App. 2005).  In
evaluating the second prong of the test, we review the entire record.  Moore
v. State, 969 S.W.2d 4, 8 (Tex. Crim. App. 1998).  For a defendant to
satisfy the second prong, the evidence must establish the lesser included
offense as a valid, rational alternative to the charged offense.  Wesbrook
v. State, 29 S.W.3d 103, 113-14 (Tex. Crim. App. 2000).  We review the
trial court’s decision regarding a lesser included offense charge under an
abuse of discretion standard.  Threadgill v. State, 146 S.W.3d 654, 666
(Tex. Crim. App. 2004); Dobbins v. State, 228 S.W.3d 761, 768 (Tex. App.—Houston
[14th Dist.] 2007, pet. dism’d).

            A
person commits the offense of indecency with a child if he engages in sexual
contact with a child who is younger than seventeen years old and who is not the
person’s spouse.  Tex. Penal Code Ann.
§ 21.11(a)(1) (Vernon Supp. 2010).  “Sexual contact” includes the act of “any
touching . . . of . . . any part of the genitals of a child” if “committed with
the intent to arouse or gratify the sexual desire of any person.”  Id. §
21.11(c)(1).  Attempted indecency with a child is a lesser included offense of
indecency with a child.  Article 37.09(4) (“An offense is a lesser included
offense if:  it consists of an attempt to commit the offense charged or an
otherwise included offense.”).  Therefore, in this case, the first prong of the
test is met.

            With
regard to the second prong of the test, we must consider whether there is some
evidence in the record that would permit a jury rationally to find that, if
appellant is guilty, he is guilty only of the lesser included offense of
attempted indecency with a child.   The indictment alleged that appellant
engaged in sexual contact by touching M.J.D.’s sexual organ.  Under the
criminal attempt statute, “[a] person commits an offense if, with specific
intent to commit an offense, he does an act amounting to more than mere
preparation that tends but fails to effect the commission of the offense
intended.”  Tex Penal Code Ann. §
15.01(a) (Vernon 2003).  

            Appellant
argues that M.J.D.’s initial testimony that he did not touch her “cake” was
evidence that no sexual contact occurred and, therefore, supported an
instruction on the lesser included offense of attempted indecency with a child. 
When determining whether the evidence supports a jury instruction on a lesser
included offense, a “statement cannot be plucked out of the record and examined
in a vacuum.”  Godsey v. State, 719 S.W.2d 578, 584 (Tex. Crim. App.
1986); Arnold v. State, 234 S.W.3d 664, 671-72 (Tex. App.—Houston [14th
Dist.] 2007, no pet.).  We have summarized the evidence above.  Having
considered all the evidence, we conclude that there is no evidence that would
permit a jury rationally to find that appellant attempted to touch M.J.D.’s
sexual organ but failed to complete the act of touching it.  In this case, the
evidence does not establish the lesser included offense as a valid, rational
alternative to the charged offense.  Appellant has not met the second prong of
the test.  The trial court did not abuse its discretion by denying his
requested instruction on the lesser included offense of attempted indecency
with a child.  His second issue is overruled.

Admission
of Expert Testimony

            In
his third issue, appellant contends that the trial court committed reversible
error by allowing the State’s expert witness, Paschall, to improperly bolster
M.J.D.’s credibility by allowing Paschall to explain why a witness might give
inconsistent testimony.  Over appellant’s objections, the trial court allowed
Paschall to explain the concept of a rolling disclosure to the jury.  Paschall
testified that “[r]olling disclosure is used to describe how some kids disclose
what happened to them.”  She said that children often “start off by telling a
very little piece of what happened so that they can kind of feel out the
surroundings, how people are going to react, are they being believed, are they
in trouble, [or] did they do something wrong.”  Paschall said that, “as they
gain reassurance and support and feel safe and comfortable, they start to
disclose more of the details of what happened to them.”  Paschall characterized
this process as a rolling disclosure pattern.

            Appellant
contends that Paschall’s “rolling disclosure” testimony was analogous to
offering expert opinion testimony that M.J.D. was truthful in her testimony and
that, therefore, Paschall’s testimony improperly bolstered M.J.D.’s credibility. 
Appellant also contends that Paschall’s “rolling disclosure” testimony was
irrelevant and that, even if it was relevant, its probative value was
substantially outweighed by the danger of unfair prejudice.

             A
trial court’s decision to admit or exclude evidence is reviewed for an abuse of
discretion.  Billodeau v. State, 277 S.W.3d 34, 39 (Tex. Crim. App.
2009).  Expert testimony that a particular witness is truthful is inadmissible
under Tex. R. Evid. 702.  Pavlacka
v. State, 892 S.W.2d 897, 902 n.6 (Tex. Crim. App. 1994); Yount v. State,
872 S.W.2d 706, 711 (Tex. Crim. App. 1993); Chavez v. State, 324 S.W.3d
785, 788 (Tex. App.—Eastland 2010, no pet.).  Therefore, an expert witness may
not offer a direct opinion on the truthfulness of a child complainant’s
allegations.  Schutz v. State, 957 S.W.2d 52, 59 (Tex. Crim. App. 1997);
Yount, 872 S.W.2d at 708; Chavez, 324 S.W.3d at 788.  Nor may an
expert offer an opinion that the class of persons to which the complainant
belongs, such as child sexual abuse victims, is truthful or worthy of belief.  Pavlacka,
892 S.W.2d at 902 n.6; Yount, 872 S.W.2d at 712; Chavez, 324
S.W.3d at 788-89.  However, testimony from an expert witness about behaviors
commonly exhibited by children suffering sexual abuse can be relevant and
admissible under Rule 702.  Yount, 872 S.W.2d at 708-09; Cohn v.
State, 849 S.W.2d 817, 819 (Tex. Crim. App. 1993); Chavez, 324
S.W.3d at 789.  Such testimony is not objectionable on the ground that it
bolsters the credibility of the child complainant.  Cohn, 849 S.W.2d at
820-21; Chavez, 324 S.W.3d at 789.

            Paschall
did not offer a direct opinion that M.J.D. was truthful or that she belonged to
a class of persons that was truthful or worthy of belief.  Instead, Paschall
testified about behavioral characteristics of child sexual abuse victims.  We
note that appellant does not challenge Paschall’s qualifications as an expert
to give such testimony or the reliability of the testimony.  Paschall’s
testimony was relevant to assessing M.J.D.’s behavior and testimony and to
determining the ultimate issue of whether appellant was guilty of the offense
of indecency with a child.

            Relevant
evidence may be excluded under Rule 403 of the Rules of Evidence if “its
probative value is substantially outweighed by the danger of unfair prejudice.” 
Tex. R. Evid. 403.  Rule 403
favors admission of relevant evidence and carries a presumption that relevant
evidence will be more probative than prejudicial.  Hayes v. State, 85
S.W.3d 809, 815 (Tex. Crim. App. 2002).   Evidence is unfairly prejudicial when
it has an undue tendency to suggest an improper basis for reaching a decision. 
Reese v. State, 33 S.W.3d 238, 240 (Tex. Crim. App. 2000).  In
evaluating a trial court’s determination under Rule 403, a reviewing court is
to reverse the trial court’s judgment “rarely and only after a clear abuse of
discretion.”  Mozon v. State, 991 S.W.2d 841, 847 (Tex. Crim. App.
1999).  Paschall testified about behavioral characteristics of child sexual
abuse victims.  She explained the concept of a rolling disclosure pattern.  Her
testimony was not unfairly prejudicial; it did not suggest an improper basis
for reaching a decision.  The trial court did not abuse its discretion by
admitting her testimony.  Appellant’s third issue is overruled.

This
Court’s Ruling

            The judgment of the
trial court is affirmed.

 

                                                                                                TERRY
McCALL

                                                                                                JUSTICE

 

April 14, 2011

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









                [1]To
protect the identity of the child, we use aliases (initials) to refer to the
child and her parents. 

 





                [2]Jackson
v. Virginia, 443 U.S. 307 (1979).

 





                [3]Clewis
v. State, 922 S.W.2d 126 (Tex. Crim. App. 1996).