

# IN THE
# TENTH COURT OF APPEALS

### No. 10-10-00393-CR

**RICHARD CASAREZ LOPEZ,**

                                                          **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                          **Appellee**



**From the 361st District Court**
**Brazos County, Texas**
**Trial Court No. 09-04380-CRF-361**


## MEMORANDUM  OPINION


A jury convicted Richard Casarez Lopez of the offense of aggravated sexual assault of a child and assessed his punishment at thirty-five years' imprisonment and a $5,000 fine.  Lopez raises two issues on appeal.  We will affirm.

### Sufficiency of the Evidence

We begin with Lopez's second issue, which contends that the evidence is insufficient to support his conviction.  The Court of Criminal Appeals has expressed our standard of review of a sufficiency issue as follows:

In determining whether the evidence is legally sufficient to support a conviction, a reviewing court must consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). This "familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. "Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Hooper*, 214 S.W.3d at 13.

*Lucio v. State*, 351 S.W.3d 878, 894 (Tex. Crim. App. 2011).

The Court of Criminal Appeals has also explained that our review of "all of the evidence" includes evidence that was properly and improperly admitted. *Conner v. State*, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001). And if the record supports conflicting inferences, we must presume that the factfinder resolved the conflicts in favor of the prosecution and therefore defer to that determination. *Jackson*, 443 U.S. at 326, 99 S.Ct. at 2793. Furthermore, direct and circumstantial evidence are treated equally: "Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt." *Hooper*, 214 S.W.3d at 13. Finally, it is well established that the factfinder is entitled to judge the credibility of witnesses and can choose to believe all, some, or none of the testimony presented by the parties. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991).

When P.B. was age nine, her stepfather invited Lopez to stay as a guest in their home. P.B. shared a room with her brother, and Lopez stayed in another bedroom. P.B. testified that one night after she and her brother went to bed, Lopez came into her

room. Lopez woke her up and asked if she wanted to go watch television with him. Lopez then took her in the bedroom where he was staying and told her to lie down on the bed. P.B. stated that Lopez told her to take off her pants. She complied because she was afraid. P.B. testified that Lopez put his mouth on her "front part." P.B. further testified that Lopez used his tongue on her private part.

P.B. said that Lopez told her to go back to her room and not to tell anyone. P.B. went into her room so that Lopez would think she was going to sleep. After Lopez closed his bedroom door, P.B. went and told her mother what happened.

Subsection 22.021(a) of the Penal Code provides that:

(a) a person commits an offense:
    (1) if the person:
    …
    (B) intentionally or knowingly:
    …
    (iii) causes the sexual organ of a child to contact or penetrate the mouth, anus, or sexual organ of another person, including the actor;

TEX. PENAL CODE ANN. § 22.021(a) (West Supp. 2011). Lopez acknowledges that P.B. testified to facts supporting each element of the offense, but he argues that the record as a whole conclusively establishes a reasonable doubt.

Lopez argues that inconsistencies in the testimony of P.B.'s mother and step-father create reasonable doubt. Anthony Valdez testified that Lopez had spent a week in their home before the incident, and Christene Valdez testified that Lopez had spent only one night in the home. Anthony testified that there was only one bed in P.B's room and that the children took turns sleeping in the bed and on a pallet on the floor. Christene testified that there were two twin beds in the room. Anthony stated that he

and Lopez returned to the house around 3:00 or 4:00 in the afternoon and that they sat outside drinking beer. Christene said that the men returned home around 8:00 p.m. and that they stayed in the house watching football. The jury is entitled to judge the credibility of witnesses and can choose to believe all, some, or none of the testimony presented by the parties. *Chambers,* 805 S.W.2d at 461.

Lopez also argues that there is no physical evidence connecting him to the offense and that there is no evidence other than P.B.'s allegations. A conviction under section 22.021 is supportable on the uncorroborated testimony of the victim of the sexual offense. *See* TEX. CODE CRIM. PROC. ANN. art. 38.07 (West Supp. 2011); *Abbott v. State,* 196 S.W.3d 334, 341 (Tex. App.—Waco 2006, pet. ref'd); *Tear v. State,* 74 S.W.3d 555, 560 (Tex. App.—Dallas 2002, pet. ref'd). After reviewing all of the evidence, we find that a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt. We overrule the second issue.

### Admission of Opinion Testimony

Lopez complains in his first issue that the trial court erred in allowing the opinion testimony of T'Shaina Everitt. We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *McDonald v. State,* 179 S.W.3d 571, 576 (Tex. Crim. App. 2005). "Under an abuse of discretion standard, an appellate court should not disturb the trial court's decision if the ruling was within the zone of reasonable disagreement." *Bigon v. State,* 252 S.W.3d 360, 367 (Tex. Crim. App. 2008).

Everitt is a licensed marriage and family therapist. She testified about the behavioral characteristics exhibited by victims of sexual abuse. These symptoms

include hypervigilance, depression, nightmares, low self-esteem, inappropriate peer relationships, guilt, and shame. Everitt stated that she treated P.B. for nightmares, sleeping trouble, and irrational fears. She said that P.B. also showed signs of low self-esteem, relationship difficulties, and shame. Everitt further testified that P.B. had symptoms consistent with sexual abuse.

Lopez contends that Everitt's testimony was inadmissible under Rule of Evidence 702 as a direct comment on P.B.'s truthfulness. An expert witness may not offer a direct opinion on the truthfulness of a child complainant's allegations. *Schutz v. State*, 957 S.W.2d 52, 59 (Tex. Crim. App. 1997). Expert testimony that a child exhibits behavioral characteristics that have been empirically shown to be common among children who have been sexually abused is relevant and admissible under Rule 702. *Cohn v. State*, 849 S.W.2d 817, 819 (Tex. Crim. App. 1993); *Chavez v. State*, 324 S.W.3d 785, 789 (Tex. App.—Eastland 2010, no pet.); *Gonzales v. State*, 4 S.W.3d 406, 417 (Tex. App.—Waco 1999, no pet.). Such testimony is not objectionable on the ground that it bolsters the credibility of the child complainant. *Cohn*, 849 S.W.2d at 820-21; *Chavez*, 324 S.W.3d at 789. Everitt did not testify that she believed sexual abuse occurred, and she did not provide a direct opinion that P.B. was telling the truth. Everitt's testimony that P.B. showed characteristics consistent with sexual abuse was not a comment on her truthfulness.

Lopez also contends that Everitt's testimony should have been excluded under Rule of Evidence 403 because the probative value of the testimony was outweighed by the danger of unfair prejudice. A trial court, when undertaking a Rule 403 analysis,

must balance (1) the inherent probative force of the proffered item of evidence—that is, how strongly it serves to make more or less probable the existence of a fact of consequence to the litigation—along with (2) the proponent's need for that evidence against (3) any tendency of the evidence to suggest a decision on an improper basis, (4) any tendency of the evidence to confuse or distract the jury from the main issues, (5) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence, and (6) the likelihood that presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted. *Gigliobianco v. State*, 210 S.W.3d 637, 641-42 (Tex. Crim. App. 2006). Considering all of the factors, we do not find that the trial court abused its discretion in finding that the probative value of the evidence was outweighed by the danger of unfair prejudice.

The trial court did not abuse its discretion in admitting Everitt's testimony. We overrule the first issue.

Having overruled both issues, we affirm the trial court's judgment.


REX DAVIS
Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Affirmed
Opinion delivered and filed June 6, 2012
Do not publish
[CRPM]